Allen, J.
 

 The parties herein will be designated in this opinion as they were in the court below. The single legal question involved in the case is whether, under the provisions of Section 11495, General Code,
 
 *157
 
 the plaintiff was entitled to testify upon trial of the action. In the court of common pleas, after offering in evidence the various deeds set forth in the pleadings, the plaintiff offered to testify as a witness with reference to the paper writing alleged to have been entered into between Edward F. Rieger and John L. Rieger in 1912, at the time of the execution and delivery of the deed of 1912. This testimony was objected to and excluded by the trial court under Section 11495, General Code. Plaintiff made profert and rested, and the court entered judgment for the defendants. It is the affirmance of this judgment by the Court of Appeals which we are here asked to reverse.
 

 Sufficient profert was made by counsel for the plaintiff to establish that this rejection of testimony constituted reversible error, if the action as to the deed of 1912 comes within the exception embodied in theslast sentence of Section 11495, General Code. This section in its material portions reads as follows :
 

 “A party shall not testify when the adverse party is the guardian or trustee of either a deaf and dumb or an insane person, or of a child of a deceased person, or is an executor or administrator, or claims or defends as heir, grantee, assignee, devisee, or legatee of a deceased person except: [Exceptions 1 to 8, inclusive, are omitted.]
 

 “Nothing in this section shall apply to actions for causing death, or actions or proceedings involving the validity of a deed, will, or codicil; and when a case is plainly within the reason and spirit of the next three preceding sections, though not within the strict letter, their principles shall be applied.”
 

 
 *158
 
 Plaintiff urges that as to the transactions of both 1912 and 1922 this is an action involving the validity of a deed; that “the title to the property owned by Edward F. Rieger, the son, and inherited by his wife, is the only thing concerned. That property he had conveyed to his father by the instrument of February 5, 1912. Her inherited interest in that same property the plaintiff had conveyed to The Hotel Rieger Company by deed dated the 22nd day of March, 1922, pursuant to misrepresentations. She asserts that those conveyances divested neither her husband nor herself of the ownership of that property, and that therefore this proceeding ‘involves’ the validity of a deed.”
 

 This contention requires a consideration as to what constitutes an action involving the validity of a deed. So far as the 1912 deed is concerned, the plaintiff apparently reads Section 11495 as if the phrase were “an action involving a deed,” for in the foregoing quotation from the plaintiff’s brief, which fairly states her claim, counsel do not contend that the deed of 1912, concerning which she was questioned upon the trial, is null and void.
 

 While it is true, as urged, that the word “involving” is a broad term, it is also true that to come within the exception of the statute the action must be one involving the “validity” or legal sufficiency of a deed, will, or codicil. Every question of the “validity” of an instrument surely necessitates an attack upon its legal sufficiency. Thus a suit to set aside a deed obtained by fraud is a proceeding involving the validity of a deed.
 
 Murdock, Trustee,
 
 v.
 
 McNeely,
 
 1 C. C., 16, 1 C. D., 9, affirmed without report, 20 W. L. B., 472. The plaintiff, therefore,
 
 *159
 
 necessarily predicates her contention upon the fact that she attacks the validity of the deed of 1912.
 

 However, her pleading institutes no such attack. The petition alleges that the deed of 1912, together with its contemporaneous agreement to reconvey, constitutes a mortgage. But this fact, if true, does not invalidate the deed. It ingrafts an independent contract upon the deed, but does not render it null and void. No claim whatever is made that the deed is insufficient in execution; nor does the petition pray to set it aside. The gist of the action is to enforce the rights alleged to arise from the claimed contemporaneous agreement that John L. Rieger would reconvey the real estate in question upon payment of certain obligations by his son. But this contemporaneous agreement, if it existed, did not vary the terms of the deed; it merely set up a new right and an independent agreement consistent with the deed.
 
 Paddock
 
 v.
 
 Adams and Holly, Exrs.,
 
 56 Ohio St., 242, 46 N. E., 1068;
 
 Harvey
 
 v.
 
 Gardner,
 
 41 Ohio St., 642.
 

 The court is asked in effect to declare that under the provisions of this alleged contract of 1912 the legal title to the land conveyed by Edward F. Rieger and his wife, the plaintiff, was held by John L. Rieger in trust for Edward F. Rieger after the payment of certain debts. But an action to enforce a trust is not an action involving the validity of a deed within Section 11495, General Code. This was specifically held in
 
 Paddock
 
 v.
 
 Adams and Holly, Exrs., supra.
 

 The plaintiff does ask to set aside the deed of 1922. The greater part of the prayer is totally inconsistent with this relief, for she joins this application with the application that she be held to have
 
 *160
 
 an equity in the entire property to the extent of the interest of Edward F. Rieger in the hotel property at the time of his death. Moreover, the pleadings disclose that the attack which the plaintiff does here institute is directed primarily at the settlement agreement which preceded and resulted in the deed of 1922.
 

 However, granting that the validity of the deed of 1922 is involved in this action by virtue of the prayer that this deed be canceled, that fact does not make this plaintiff competent under the statute to testify concerning the transaction of 1912. Clearly the statute authorizes the giving of testimony by a party under the excepting clause of Section 11495 only as to relevant circumstances bearing upon the validity of the particular instrument whose sufficiency is attacked.
 

 The prayer of the petition justifies and compels the receiving of plaintiff’s testimony as to the circumstances attending the execution of the deed of 1922. That fact, however, neither requires nor justifies receiving her testimony upon the validity of the deed of 1912. The trial court thus did not err in excluding the testimony. Moreover, unless the plaintiff can testify concerning the transaction of 1912, she cannot establish her case as to the transaction of 1922. Hence the judgment of the Court of Appeals must be affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., J ones, Matthias, Hay, Kinkade and Robinson, JJ., concur.