ALLIANCE FIRST NATIONAL BANK, APPELLEE, *v.* MAUS, EXRX., ET AL., APPELLANTS; BINKLEY, APPELLEE.*

(No. 2632—Decided February 21, 1955.)

*Mr. John L. Russell,* for appellee Alliance First National Bank.

*Mr. F. E. Hunter,* for appellants.

*Mr. E. W. Morris,* for appellee Margaret A. Binkley.

McCLINTOCK, J.  This is an appeal on questions of law and fact.  Plaintiff filed its petition in the Court of Common Pleas, which reads as follows:

"First Cause of Action.

"Plaintiff for its first cause of action says that it is a corporation organized and existing under the laws of the United States of America and having its office at Alliance, Ohio, and further says that there is due the plaintiff upon a certain promissory note signed, executed and delivered by Frank G. Binkley, now deceased, and Margaret A. Binkley, also known as Margaret A. Morris, the sum of sixty-two hundred thirteen and 21/100 ($6,213.21) dollars, which it claims with interest at the rate of five (5%) per cent per annum, from September 1, 1952, on said promissory note, a copy of which note is attached

---

*Motion to certify the record overruled, March 28, 1956.

hereto and marked exhibit "A" and made a part of this petition as fully as if rewritten herein, and showing all credits and endorsements thereon.

"Second Cause of Action.

"Plaintiff for its second cause of action incorporates herein all the statements and allegations contained in its first cause of action as fully as if rewritten herein and says that at the time of delivering of said note and to secure the payments of the same, Frank G. Binkley, now deceased, and Margaret A. Binkley executed and delivered to the plaintiff their mortgage deed conveying the following described premises:

"Situate in the city of Alliance, county of Stark and state of Ohio, and known as being lot number nineteen hundred sixty-nine (1969) in the city of Alliance, Ohio, as the same is marked, numbered and distinguished on the recorded plat of said city on file in the recorder's office, at Canton, Ohio.

"Plaintiff further says that said mortgage deed was duly left for record at the recorder's office of Stark County, Ohio, on June 30, 1952, and was recorded on July 1, 1952, in volume 2094, page 47, Stark County Records of Mortgages, and said mortgage deed then and there became a good, valid and subsisting lien on said real estate above described, and the first and best encumbrance thereon, and still continues as the first and best lien thereon.

"Said mortgage deed contained a condition of defeasance which provided that if the said Frank G. Binkley and Margaret A. Binkley should well and truly pay in full the obligation of the promissory note set up in the first cause of action, in monthly installments, according to the tenor and effect thereof, then in that event the said mortgage deed should become void; otherwise to remain in full force and virtue in law.

"But said Frank G. Binkley and Margaret A. Binkley, or either of them, have failed to pay any monthly installments for nine months after it became due and being since September 1, 1952, and that by reason thereof the condition of defeasance in said mortgage deed has become broken and said mortgage deed has become absolute, and the plaintiff is now entitled to have the equity of redemption of the said Frank G. Binkley and Margaret A. Binkley therein foreclosed, and to have the real estate

appraised, advertised and sold and the proceeds arising therefrom applied to the judgment of the plaintiff.

"Plaintiff further says that said Frank G. Binkley died testate, at Alliance, Ohio, on September 7, 1952, leaving the defendant, Margaret A. Binkley, his surviving spouse, and the defendants, Marion Maus, George M. Binkley, and Lola Mae Aufrance, his only legatees, devisees, heirs at law and next of kin; and that on September 16, 1952, Marion Maus was appointed the executrix of the estate of Frank G. Binkley, deceased, and is still the duly appointed, acting and qualified executrix of the said estate, having been appointed by the Probate Court of Stark County, Ohio.

"Plaintiff further says that John W. Maus is the husband of Marion Maus; and that Jean L. Binkley is the wife of George M. Binkley and that Glenn Aufrance is the husband of Lola Mae Aufrance and that they claim a dower right in the premises herein.

"Plaintiff further says that on March 10, 1953, the said defendant, Margaret A. Binkley, legally changed her name to Margaret A. Morris in the Probate Court of Stark County, Ohio.

"Plaintiff further says that the defendant, Frank A. Hoffman, the duly elected and qualified Treasurer of Stark County, Ohio, has a claim or interest in said premises herein sought to be foreclosed, by reason of certain real estate taxes, as shown by the records of the treasurer's office, of Stark County, Ohio.

"Wherefore, plaintiff prays judgment against the defendants, Margaret A. Binkley, also known as Margaret A. Morris, and against the defendant, Marion Maus, as executrix of the estate of Frank G. Binkley, deceased, on its first and second causes of action for the sum of sixty-two hundred thirteen and 21/100 ($6,213.21) dollars, with interest thereon at five (5%) per cent per annum, from the 1st day of September, 1952.

"Plaintiff further prays that said mortgage be foreclosed and the liens be marshalled, that said property be sold that the taxes and other costs be paid and then the amount due plaintiff as aforesaid be paid from the proceeds of said sale and for such further relief as may be proper in law or equity, and that the defendant, Frank A. Hoffman, as Treasurer of Stark Coun-

ty, Ohio, be required to set up his lien in said property or be forever barred from asserting the same, and that the other defendants be required to set up any claim they may have against the within property, or be forever barred from asserting the same.''

To this petition the defendant Margaret A. Binkley, also known as Margaret A. Morris, filed an amended answer and cross-petition, which reads as follows:

''Now comes the defendant, Margaret A. Binkley, also known as Margaret A. Morris, leave of court having first been obtained to withdraw her prior answer, and leave of court first having been obtained to file an amended answer and cross-petition, and defendant for her answer to plaintiff's petition and the first and second causes of action therein, admits that on or about June 26, 1952, she and Frank G. Binkley, now deceased, and who were at that time husband and wife, executed jointly a note and mortgage to plaintiff as set forth in plaintiff's petition.

''Answering further this defendant admits that the note calling for monthly payments is due and in default.

''This defendant for her cross-petition incorporates herein all the statements and allegations contained in her foregoing answer as fully as if rewritten herein and says that on or about December 7, 1951, she and the decedent, Frank G. Binkley, entered into an antenuptial contract and were married on December 8, 1951; and that on December 10, 1951, she and the decedent purchased lot number 1969 in the city of Alliance, Ohio, as shown by Stark County record of deeds, volume 2038, page 221, and that she was the owner of the undivided one-half interest in said premises, each party having put into the purchase price their undivided funds; that on or about June 26, 1952, this defendant, believing as a matter of fact that she and her spouse, Frank G. Binkley, had mutually agreed to cancel and annul the antenuptial contract and did cancel and annul their said contract, executed and delivered to her spouse, Frank G. Binkley, a quitclaim deed for her undivided one-half interest in and to lot number 1969 in the city of Alliance, Ohio, as shown by Stark County deed records, volume 2084, page 559.

''This defendant says further that she acted upon a mis-

take of fact in that the said antenuptial contract was not cancelled and annulled, by the said parties to the contract, and that the said antenuptial contract is in full force and effect, and is binding upon this defendant, the same having been judicially declared by the Probate Court of Stark County, Ohio, and which mistake of fact has deprived her of her undivided one-half interest in lot number 1969 in the city of Alliance, Ohio, and that she has no adequate remedy at law, and that the real estate was worth $14,000 or more at the time she, by mistake of fact, executed and delivered the said quitclaim deed to Frank G. Binkley.

"Wherefore, this defendant, Margaret A. Binkley, also known as Margaret A. Morris, prays that the quitclaim deed dated June 26, 1952, and recorded in volume 2084, page 559, be found to be void and of no force and effect and that she be adjudged to be the owner in fee simple of an undivided one-half interest in lot No. 1969 in the city of Alliance, Ohio, and that her fee simple title to said premises be quieted as against the defendants, Marion Maus, as executrix of the estate of Frank Binkley, deceased, Marion Maus, as an individual, John W. Maus, George Binkley, Jean L. Binkley, and Lola Mae Aufrance and Glenn Aufrance, and for such further relief as may be proper in law or equity."

To this amended answer and cross-petition a reply was filed by various defendants, which reads as follows:

"Now come the defendants Marion Maus, executrix of the estate of Frank G. Binkley, deceased, Marion Maus, an individual, George M. Binkley, and Lola Mae Aufrance, and in reply to the amended answer and cross-petition of Margaret A. Binkley admit that on June 26, 1952, Frank G. Binkley and Margaret A. Binkley, husband and wife, executed a note and mortgage to the plaintiff as set forth in plaintiff's petition, and further replying state that they admit that said note is due and in default.

"Further replying, these defendants admit that on or about the 7th day of December, 1951, Frank G. Binkley, since deceased, and Margaret A. Morris entered into an antenuptial contract, and that they were married on December 8, 1951, and that on December 10, 1951, Margaret A. Binkley and the decedent purchased lot No. 1969 in the city of Alliance, Ohio, as

shown by Stark County records of deeds, volume 2038, page 221, and that said Margaret A. Binkley was the owner of an undivided one-half interest in said premises; that on or about June 26, 1952, the defendant, Margaret A. Binkley, for valuable consideration, executed and delivered to Frank G. Binkley a quitclaim deed for her undivided one-half interest in and to lot No. 1969 in the city of Alliance, Ohio, as shown by Stark County deed records, volume 2084, page 559, and these defendants deny that the defendant, Margaret A. Binkley, executed said deed, volume 2084, page 559, under a mistake of fact as claimed in her amended answer and cross-petition.

"Wherefore, these defendants pray that the answer and cross-petition of Margaret A. Binkley be dismissed at her cost, and for such other relief as may be proper in law or in equity."

This cause came on for hearing before Judge Graham, and the court found that Margaret A. Binkley, also known as Margaret A. Morris, was entitled to cancellation of the deed referred to in the pleadings, that she was the owner of an undivided one-half interest in the real estate here involved, and that she was entitled to have her fee simple title quieted therein.

A motion for new trial was filed on behalf of defendants Marion Maus and others; and the court, upon due consideration, overruled the motion. Thereafter, a notice of appeal was filed in this court by Marion Maus, George M. Binkley and Lola Mae Aufrance, the appeal being on questions of law and fact and alleging four assignments of error, to wit:

"1. The court erred in admitting the testimony of John L. Russell, attorney for the decedent, and the defendant, Margaret A. Binkley, widow of the decedent, over the objection of the executrix and the other heirs of Frank G. Binkley, deceased, in violation of Sections 2317.02 and 2317.03, Revised Code.

"2. The court erred in refusing to follow the Stark County Court of Appeals decision in case No. 2561, *Margaret A. Binkley* v. *Marion Maus, Executrix, et al.*

"3. The court erred in setting aside the deed given by Margaret A. Binkley to Frank G. Binkley for the reason that there was no mistake of fact.

"4. The court erred in setting aside the deed given by Margaret A. Binkley to Frank G. Binkley for the reason that

the defendant, Margaret A. Binkley, did not redeliver to Frank G. Binkley, or his executrix, the property which she received from him.''

When this case came on for hearing before this court on questions of law and fact, Marion Maus, as executrix of the estate of Frank G. Binkley, and others, defendants, appellants here, filed a demurrer to the cross-petition of Margaret A. Binkley, on the ground that she, in asking for cancellation of the deed, did not offer to tender reconveyance of any consideration which she received and to place the defendants Marion Maus, as executrix of the estate of Frank G. Binkley, and the others in *status quo* or aver facts which sufficiently excuse the defendant (Margaret A. Binkley) from such duty.

This court, upon due consideration, sustained the demurrer, and, thereafter, leave was given to Margaret A. Binkley, also known as Margaret A. Morris, to file a second amended answer and cross-petition, which was done. The only difference in the second amended answer and cross-petition from the amended answer and cross-petition is that the following paragraph was added thereto:

''This defendant further says that she received no consideration further from the decedent, Frank G. Binkley, for the quitclaim deed aforementioned, and that the sole consideration for the execution and delivery of the deed was the purported cancellation of the antenuptial contract; that having received no consideration, this defendant can not tender back anything to the decedent or his estate.''

Thereafter, a reply to the second amended answer and cross-petition was filed, which reads as follows:

''Now come the defendants-appellants, Marion Maus, executrix of the estate of Frank G. Binkley, deceased, Marion Maus, an individual, George M. Binkley, and Lola Mae Aufrance, and in reply to the second amended answer and cross-petition of Margaret A. Binkley, a. k. a. Margaret A. Morris, admit that on June 26, 1952, Frank G. Binkley and Margaret Binkley, husband and wife, executed a note and mortgage to the plaintiff-appellee as set forth in plaintiff's petition, and further replying state that they admit that said note is due and in default.

"Further replying, these defendants-appellants admit that on or about the 7th day of December, 1951, Frank G. Binkley, since deceased, and Margaret A. Morris entered into an antenuptial contract, and that they were married on December 8, 1951, and that on December 10, 1951, Margaret A. Binkley and the decedent purchased lot No. 1969 in the city of Alliance, Ohio, as shown by Stark County records of deeds, volume 2038, page 221, and that said Margaret A. Binkley was the owner of an undivided one-half interest in said premises; that on or about June 26, 1952, the defendant-appellee, Margaret A. Binkley, for valuable consideration, executed and delivered to Frank G. Binkley a quitclaim deed for her undivided one-half interest in and to lot No. 1969 in the city of Alliance, Ohio, as shown by Stark County deed records, volume 2084, page 559, and these defendants deny that the defendant, Margaret A. Binkley, executed said deed, volume 2084, page 559, under a mistake of fact as claimed in her second amended answer and cross-petition.

"Wherefore, these defendants-appellants pray that the second amended answer and cross-petition of Margaret A. Binkley, a. k. a. Margaret A. Morris, be dismissed at her cost, and for such other relief as may be proper in law or in equity."

Thereafter, the cause came on for further hearing by this court and, by written agreement of counsel, this cause was submitted to us on the transcript of the evidence taken in the trial of this case in the Court of Common Pleas and filed herein as a bill of exceptions.

Thereupon, defendant filed motions in this court which read as follows:

"Now comes the defendant-appellant and moves the court to strike from the typewritten testimony taken in the trial court the testimony of the defendant-appellee, Margaret A. Morris, otherwise known as Margaret A. Binkley, giving the conversation in the office of John L. Russell, attorney for Mr. and Mrs. Binkley, between themselves and between them and John L. Russell."

"Now comes the defendant-appellant and moves the court to strike from the typewritten testimony taken in the trial court the testimony of the defendant-appellee, John L. Russell, giving the conversation in the office of John L. Russell, attorney

for Mr. and Mrs. Binkley, between Mr. and Mrs. Binkley and between Mr. and Mrs. Binkley and John L. Russell."

"Now comes the defendant-appellant, Marion Maus, executor of the estate of Frank Binkley, deceased, and others, at the conclusion of all the evidence and moves the court for judgment in their favor, upon the second amended answer and cross-petition of the defendant-appellee, Margaret A. Morris, otherwise known as Margaret A. Binkley."

This court, upon due consideration, overruled the motions, and arguments were presented to this court on behalf of the parties to this action.

We will consider the first two assignments of error together. The history of this case is as follows:

In 1953 this court considered an appeal in which we held that the testimony of John L. Russell was not competent in an action to cancel an antenuptial agreement made by Margaret A. Binkley and Frank G. Binkley, on the ground that, at the time the conversation was had between Attorney Russell and the Binkleys, there was no third person present, and that he was acting as an attorney for both parties. That judgment was rendered by this court in an opinion written by the writer of this opinion and concurred in by Judge Montgomery, to which opinion Judge Putnam dissented. Thereafter, a motion to certify the record was filed in the Supreme Court, which motion was overruled.

Since the decision in that case, the provisions of the Revised Code were modified and became effective on October 13, 1953, which was before the trial of this cause in the Court of Common Pleas. The section of the Revised Code in effect at the time of this trial reads as follows:

Section 2317.02. "The following persons shall not testify in certain respects:

"(A) An attorney, concerning a communication made to him by his client in that relation or his advice to his client; or a physician, concerning a communication made to him by his patient in that relation, or his advice to his patient, but the attorney or physician may testify by express consent of the client or patient, *or if the client or patient be deceased, by the express consent of the surviving spouse or the executor or administra-*

*tor of the estate of such deceased client* or patient; and if the client or patient voluntarily testifies, the attorney or physician may be compelled to testify on the same subject." (Emphasis ours.)

Also, we find in the last paragraph of Section 2317.03, Revised Code, the following language:

"This section does not apply to actions for causing death, or actions or proceedings involving the validity of a deed, will, or codicil. When a case is plainly within the reason and spirit of this section and Sections 2317.01 and 2317.02 of the Revised Code, although not within the strict letter, their principles shall be applied."

Under this section we cite *Rieger* v. *Hotel Rieger Co.*, 124 Ohio St., 152, 177 N. E., 211:

"1. Under Section 11495, General Code, an action involving the validity of a deed, will, or codicil, is an action involving an attack upon the legal sufficiency of such instrument.

"2. Under Section 11495, General Code, a party may testify in an action involving the validity of a deed only as to circumstances directly bearing upon the legal sufficiency of the deed which is attacked."

At page 158 it is said:

"While it is true, as urged, that the word 'involving' is a broad term, it is also true that to come within the exception of the statute the action must be one involving the 'validity' or legal sufficiency of a deed, will, or codicil. Every question of the 'validity' of an instrument surely necessitates an attack upon its legal sufficiency."

It is also to be noted that this court is not bound by any precedent in a former decision where the parties and causes of action are different, and the privileged communications section of the Revised Code has been changed so as to make the testimony of John L. Russell competent under Sections 2317.02 and 2317.03, heretofore referred to in this opinion.

For the reasons herein stated, the first and second assignments of error are not well taken.

As to the third assignment of error, it is claimed by appellants that there was no mistake of fact. On this question we cite the following authorities:

6 Ohio Jurisprudence, 543, Section 32:

"The following statement of the general rule as to the right of rescission and cancelation of contracts and other instruments on the ground of mistake of fact, has been approved in Ohio:

" 'The general doctrine is firmly settled as one of the elementary principles of the equitable jurisdiction, that a court of equity will grant its affirmative or defensive relief, as may be required by the circumstances, from the consequences of any mistake of fact which is a material element of the transaction, and which is not the result of the mistaken party's own violation of some legal duty, provided that no adequate remedy can be had at law * * * This general doctrine is applied in a great variety of forms and under a great variety of circumstances. It presents but few theoretical difficulties; its practical difficulties arise from its application to particular instances of relief, and this application must be largely controlled by the circumstances of each case.' "

Also, 9 American Jurisprudence, 377, Section 32:

"The jurisdiction of equity to decree the cancelation of an instrument because at the time of its execution the parties, or even one of them, labored under a mistake of fact, provided that such mistake is material to the transaction and affects the substance thereof, rather than a mere incident or the inducement for entering into it, is well recognized and frequently invoked, especially if an element of fraud is present, or a confidential relation exists. This rule is applicable whether the instrument relates to an executory agreement or one that has been executed. However, before granting relief it must be made to appear that the fact concerning which the mistake was made was one that animated and controlled the conduct of the parties. The court must be satisfied that but for the mistake the complainant would not have assumed the obligation from which he seeks to be relieved.

"A contract will not be rescinded for a mistake in favor of the complainant, correction of which, upon its discovery, he refused to allow."

And, 9 American Jurisprudence, 380, Section 35:

"The applications of the rule that equity will relieve from the consequences of a material mistake by ordinary cancelation are varied. Some of these applications, such as the question of canceling a release executed under mistake of fact, will be found under other titles. There are many apparent divergencies in the decisions, but these are for the most part attributable to the different facts involved. This is illustrated by the cases involving mistakes in computation made by contractors in submitting bids. In many such instances equity has granted relief by way of rescission or cancelation, particularly where there is some reasonable excuse for making a mistake."

By reason of the facts and authorities herein cited, we are of the opinion that the third assignment of error is not well taken.

As to the fourth assignment of error, it is claimed by appellants that Margaret A. Binkley did not redeliver to Frank G. Binkley or the executrix of his estate the property which she (Margaret A. Binkley) received from him, referring to the Rice property and being lot No. 4917 in the city of Alliance.

From a reading of the record, we find that by reason of the mistaken premise that the antenuptial contract had been cancelled, Margaret A. Binkley, also known as Margaret A. Morris, executed the quitclaim deed for her one-half interest in the property here involved. That testimony is not disputed by any competent evidence, and, on June 26, 1952, at the time the Binkleys conferred with Attorney John L. Russell, they stated that their antenuptial contract had been cancelled and that they did not even own lot No. 4917 in the city of Alliance, Ohio, known as the Rice property; and there is no evidence in the record that Margaret A. Binkley, also known as Margaret A. Morris, received anything of value requiring her to do equity by redelivering the same.

For the reasons herein stated, the fourth assignment of error is not well taken.

In conclusion, we are of the opinion that Margaret A. Binkley, also known as Margaret A. Morris, is entitled to cancelation of the deed executed by her for the undivided one-half of lot No. 1969 in the city of Alliance, her title to the same is quieted

therein and the decree of this court is the same as entered in the court below.

*Judgment accordingly.*

MONTGOMERY, P. J., concurs.

PUTNAM, J., concurs in the judgment.