DECISION AND JUDGMENT ENTRY
This accelerated appeal comes to us from a judgment issued by the Lucas County Court of Common Pleas. It concerns the sale of real estate.
Appellants are Adnan Abuhamed and Jimmy's Food Market, d/b/a Ed's Market, the corporation of which Abuhamed is the principal. Appellees are the National Investment Center, Inc., and its principal, Kamal Abulayla.
In October 1997, the parties entered into an agreement for the sale of a Toledo carry out located on Nebraska Avenue. Since the agreement was contingent upon the transfer of a liquor license, the parties executed a management agreement wherein appellees would operate the market pending transfer of the liquor license. In January 1998, appellant transferred the real property involved in the purchase to appellees by warranty deed; this conveyance occurred prior to the transfer of the liquor license. Appellant Abuhamed later testified that he transferred the real estate because he thought the purchase agreement required it and he wished to protect the property from a potential federal tax lien.
At some point after the closing on the real property, the arrangement between the parties went sour. In April 1998, appellants brought suit alleging a breach of the management and purchase agreements. Appellants sought a rescission of those agreements, including the real estate transfer.
In the trial court, appellants moved for summary judgment. Appellees responded by moving for a partial summary judgment on the real estate issue. They argued that appellants' completed real estate transfer constituted a waiver of any conditions precedent which were contained in the purchase agreement. The trial court denied appellants' motion and granted appellees'. The matter is now before this court pursuant to Civ.R. 54 (B). Appellants complain that the trial court erred in granting partial summary judgment to appellees and further erred in denying their motion for complete summary judgment.
An order denying a summary judgment is not an appealable order, Nayman v. Kilbane (1982), 1 Ohio St.3d 269, 271; Celebrezzev. Netzley (1990), 51 Ohio St.3d 89, 90, whereas a grant of summary judgment may be appealed. Chiaffitelli v. Price (1970),24 Ohio App.2d 134, 135. A grant of a partial summary judgment upon which there is a determination that there is "no just cause for delay" is appealable only to the extent of the issues raised in the order or judgment to which the Civ.R. 54 (B) finding is attached. Chef Italiano Corp. v. Kent State University (1989),44 Ohio St.3d 86, 88. Therefore, while the partial summary judgment in favor of appellees is properly before us, the trial court's denial of summary judgment to appellants is not. Accordingly, appellants' second assignment of error is not well-taken.
As to the real estate transfer, the doctrine of "merger by deed" applies. When a deed is delivered and accepted without qualification, the sales contract is merged into the deed. 37Robinwood Assoc. v. Health Industries, Inc. (1988), 47 Ohio App.3d 156,157-158; see, also, 2 McDermott's Ohio Real Property (1990), 320-321. Thus, a proper delivery and acceptance of a deed extinguishes any obligations of a prior agreement to the extent that the agreement touches upon the real property which is the subject of the deed. Id. at 319. Exceptions to the rule are made in cases of fraud, mistake, or collateral agreements[1]
not intended by the parties to be incorporated into the deed. Id.
at 320. Rescission of instruments of conveyance, generally, may also be had only where there is duress, undue influence, or, when there is bad faith, want or failure of consideration. 1McDermott's Ohio Real Property, supra, at 299.
In this case, according to the deposition testimony of appellant Abuhamed, he deeded the Nebraska Avenue property to appellees because he thought it was required by the sales agreement and he wanted to protect the property from a possible federal tax lien. There is no allegation of fraud, duress, undue influence, or want of consideration. While there may be portions of the sales agreement which are collateral, by definition these provisions do not affect the transfer of the real property. See footnote 1. Therefore, the only remaining potential ground for rescission is mistake.
Rescission, however, is not available when a mistake is the result of negligence of a party or is the result of the party's violation of some legal duty. Id. at 301 citing Hannah v.Pixley (App. 1930), 9 Ohio Law Abs. 526, and Alliance First Nat'lBank v. Maus (1955), 100 Ohio App. 433. Here, either the purchase agreement required the transfer or the agreement's requirements could have been easily ascertained by obtaining a legal opinion. If the former is true, appellants can little complain that they performed an act which they had agreed to do. If the latter is the case, then appellants are negligent in failing to obtain a legal opinion. In neither case are there grounds to rescind the instrument of conveyance.
Consequently, on the issue of the land transfer, there is no genuine issue of material fact and appellees are entitled to judgment as a matter of law. Civ.R. 56. Therefore, the trial court properly granted partial summary judgment pursuant to the rule. Accordingly, appellants' first assignment of error is not well-taken.
The judgment of the Lucas County Court of Common Pleas is affirmed. Costs to appellants.
JUDGMENT AFFIRMED.
 _______________________________ Peter M. Handwork, P.J.
 _______________________________ James R. Sherck, J.
 _______________________________ Richard W. Knepper, J.
CONCUR.
[1] Collateral parts of a purchase agreement are those portions that do not "* * * concern the title, occupancy, size, enjoyment, possession or quantity of the parcel." Medeiros v.Guardian Title and Guar. Agency, Inc. (1978), 57 Ohio App.2d 257,259.