STAR *et al.* v. MAHAN *et al.*

1. ORDER PUBLICATION OF SUMMONS—MAILING SUMMONS AND COMPLAINT—DELAY OF TEN DAYS—MEANING OF "FORTHWITH."

An order for service of a summons by publication directed that a copy of the summons and complaint be "forthwith" deposited in the postoffice. Same was not done till ten days afterward. *Held*, that the term "forthwith" is synonymous with "all reasonable despatch," and

is a question for the court to determine from all the circumstances in the case.

2. SUMMONS MUST STATE TIME AND PLACE OF FILING COMPLAINT—NOTE STATING, AT FOOT OF SUMMONS.

A statement, showing the time and place of filing the complaint, endorsed at the foot of the summons, signed by plaintiff's attorneys, and intended to be a part of the summons as published, is a sufficient compliance with the statute requiring the summons as published to state the time and place of filing the complaint.

Filed October 4, 1886.

Appeal from the district court of Lawrence county.

The affidavit for publication of summons, after stating the cause of action, states "that the defendants are not residents of this territory, but reside in the city of Denver, Colorado, as affiant is informed by P. D. O'Brian, a resident of Deadwood who was recently in said city of Denver, Colorado, where (as he informed this affiant) the said John Mahan and Mary Jane Mahan are now residing and in business; that he was so informed by the said John Mahan, whom he met in Denver, and that the said defendants cannot be found, after due diligence, within the territory, they now being at Denver, Colorado."

The affidavit also states that the defendants have property in this territory, which has been attached in this action.

The order for publication of the summons, after the usual recitals, is as follows: "Now, on motion of Van Cise, Wilson & Martin, attorneys for the plaintiff, ordered that the summons herein, a copy whereof is hereto annexed, be served by publication of the same in the Black Hills Daily Times, a newspaper published at Deadwood, Lawrence county, D. T., once in each week for six weeks, and that a copy of the summons and complaint be forthwith deposited in the postoffice, directed to the said defendants at their said place of residence, with the postage prepaid thereon."

The affidavit of mailing, pursuant to this order, states "that on the 6th day of March A. D. 1882, he deposited copies of the annexed summons and complaint in this action in the postoffice at the city of Deadwood, Dakota, directed to John Mahan and Mary Jane Mahan respectively, the defendants

above named, at Denver, Colorado, their place of residence, and prepaid the postage thereon."

*A. W. Hastie*, for defendants and appellants.

The attachment, if regularly issued, would not have given jurisdiction. This could only be acquired by the service of summons. Furman v. Walter, 13 How. 348; Kendall v. Washburn, 14 How. 380.

The statutory provisions as to substituted service of summons must be strictly pursued in order to acquire jurisdiction. 1 Dak. 500; Wortmann v. Wortmann, 17 Abb. 66; Cook v. Farmer, 12 Abb. 359; Ricketson v. Richardson, 26 Cal. 149.

The affidavit for publication fails completely to state facts necessary to confer jurisdiction, and the order and proceedings thereunder are void. Towsley v. McDonald, 32 Barb. 604; Wortmann v. Wortman, *supra*; 26 Cal. 149.

The order for publication is defective in not directing that separate copies of the summons and complaint be mailed, directed to each of the defendants. Code C. P. Sec. 104; Warren v. Tiffany, 17 How. 106; 32 Barb. 604.

In this case no copies of the summons and complaint were deposited in the postoffice until ten days had expired after making and filing the order, which directed that it should be done forthwith. The term is defined by Webster to mean "immediately, without delay, directly." Sampson v. Henderson, 1 Moody & M. 300; Clelland v. Tavernier, 11 Minn. 126.

No explanation of the delay appears in the record. Back v. Cressell, 2 Abb. Pr. 386.

The record should show jurisdiction; it cannot be obtained by laches. 13 How. 43; 16 How. 371; 3 Den. 257; 5 Hill, 467; 22 How. 265; 3 How. 109; 19 Wend. 103; 8 Barb. 541; 14 How. 380; 33 Barb. 71.

*Van Cise & Wilson*, for plaintiffs and respondents.

The summons, as published, did state the time and place of the filing of the complaint, and that is all the statute requires. Code C. P. Sec. 104.

This practice is approved by high authority. 1 Wait's Pr. 525; Cook v. Kelsey *et al.* 19 N. Y. 412.

The supreme court will be loth to hold an affidavit and order defective on such slender grounds, after its approval by the court below. Van Wyck v. Hardy, 39 How. Pr. 392; Barnard v. Heydrick, 49 Barb. 70; Howe Machine Co. v. Pettibone, 74 N. Y. 68; Belmont v. Cowen, 82 N. Y. 256.

The term "forthwith" means "as soon as by reasonable exertion confined to the object it may be accomplished. This is the import of the term. It varies, of course, with every particular case." Bouvier Law Dict. 608; Cleland v. Tavernier, 11 Minn. 126; Van Wyck v. Hardy, 11 Abb. Pr. 473; Back v. Cressell, 2 Abb. Pr. 386; Sheldon v. Wright, 7 Barb. 39; S. C. 3 N. Y. 497; Wolcott v. Robinson, 21 N. Y. 150.

The attachment gives jurisdiction, and mere irregularities afterward do not terminate it. Crowell v. Johnson, 2 Neb. 146; Gregg v. Thompson, 17 Iowa, 107; Vorhees v. Jackson, 10 Peters, 449; Cooper v. Reynolds, 10 Wall. 308; Lessees of Paine v. Mooreland, 15 Ohio 436; Applegate v. Lexington and Carter Mining Co. 6 Sup. Ct. Rep. 742.

After judgment defects of this character are not sufficient to set the attachment aside. Hunter v. Lester, 10 Abb. Pr. 260; Maples v. Mackay, 89'N. Y. 146; Schobacher v. German F. & M. Ins. Co. 59 Wis. 86; Muscatine Turnverein v. French, 18 Iowa, 469.

L. K. CHURCH, J. On February 20, 1882, an attachment issued against defendants' property, and defendants were served by publication. On the twenty-first day of September, 1882, judgment was entered against defendants for $90.35, in Lawrence county. On the twenty-ninth day of April, 1884, the defendants moved to set aside the judgment, and all subsequent proceedings therein, upon the following grounds: "First, that the order of publication of the summons in said action directed and ordered that a copy of the said summons and complaint be forthwith deposited in the postoffice, directed to the said defendants at their said place of residence, and is defective and insufficient in not directing that each of said defendants should be so served with a copy of said summons and complaint; *second*, that the said summons and com-

plaint were not forthwith deposited in the postoffice, as directed in said order of publication, but were held and delayed by said plaintiffs for ten days, after said order was so made and filed, before the said summons and complaint were deposited in the postoffice as aforesaid; *third*, that the affidavit of Seth Bullock in said action, made for the purpose of obtaining publication of the summons therein, and upon which the order was granted, does not state and show the place of residence of both of these defendants, or either of them, and neither does it state and show that they are not residents of this territory, as required by law; *fourth*, that the summons does not state the time and place of the filing of the complaint herein; *fifth*, for other good and sufficient reasons." This motion was made upon the files, records and proceedings in the action. On the thirteenth day of September, 1884, the court overruled the motion. Defendants duly excepted to said order, and this appeal is for the purpose of reviewing said order. The errors relied upon appear from the opinion.

The order for service by publication directed that copies of the summons and complaint be forthwith deposited in the postoffice, directed to defendants. This was not done until 10 days had expired after making and filing the order, and it is claimed that, in consequence of such delay, the order became a nullity, as it was not complied with. This objection will not avail. "Forthwith" is synonymous with "all reasonable dispatch," and is a question for the court or judge to determine from all the circumstances in the case.

The remaining question to be considered is relating to the manner of stating the time and place of filing the complaint. The statement as to time and place of filing the complaint was at the foot of the summons, and not in the body of the summons. It was intended to be a part of the summons. Cook v. Kelsey, 19 N. Y. 413, is precisely this case, and the learned judge well says: "In contracts and other private instruments all that is written and executed at the same time, and upon the same subject-matter, and by the same parties, is considered one document, whether it be in one continuous body, or distinct

and separate parts.    Why should not the same rule be extended to the summons, especially as the Code was designed to give a preference to substantial over mere formal matters?"

Judgment affirmed.    All concur.