BALDINE, APPELLANT, *v.* KLEE ET AL., APPELLEES.
BALDINE, APPELLANT, *v.* THE TRIBUNE CO., D. B. A. WARREN
TRIBUNE CHRONICLE, APPELLEE.
BALDINE, APPELLANT, *v.* THE NILES PUBLISHING CO., D. B. A.
NILES DAILY TIMES, APPELLEE.

[Cite as Baldine v. Klee, 14 Ohio App. 2d 181.]

(Nos. 1754, 1755 and 1756—Decided June 4, 1968.)

*Messrs. Eardley & Wantz,* for appellant.
*Messrs. Mitchell, Mitchell & Reed, Messrs. Hoppe, Day
& Ford* and *Messrs. Falls, Hazel & Kerr,* for appellees in
case No. 1754.
*Messrs. Guarnieri & Secrest,* for appellee in case No.
1755.
*Messrs. McQueen & McQueen,* for appellee in case No.
1756.

GRAY, J. These three libel actions are in this court on appeal from judgments of the Court of Common Pleas of Trumbull County.

On October 14, 1963, an amendment to Section 2703.03, Revised Code, became effective. The amendment required that the summons state "the nature of the relief sought."

In these cases, in the body of the summons, the nature of the relief sought was not stated but it was stated on the back thereof. A certified copy of the petition was served on each defendant with the summons in accordance with the rules of court.

Defendants filed motions to quash the service of summons in all three cases, and the trial court sustained such motions on the ground that the summons was fatally defective in that the summons did not state in the body thereof the fact that the action was for money only, together with the amount claimed.

In case No. 1754, on the back of the summons there was endorsed: "In action for money only, amount claimed $200,000 compensatory damages and $1,000,000 punitive damages and other relief."

In case No. 1755, on the back of the summons there was endorsed: "In action for petition for money only, amount claimed $200,000 compensatory damages and $3,-000,000 punitive damages and other relief."

In case No. 1756, on the back of the summons there was endorsed: "In action for money only, amount claimed $200,000 compensatory damages and $1,500,000 punitive damages and other relief."

The petitions were dismissed in the three causes by the trial court. Plaintiff, feeling aggrieved at this action filed his notices of appeal and assigned the following errors in each of the three cases:

"1. The court erred in stating that the initial praecipes as filed in the original sections involving the aforementioned cases were insufficient to comply with Revised Code 2703.02.

"2. That the court erred in stating that the actions were neither commenced nor attempted to be commenced within the meaning of R. C. 2305.17 on October 13, 1965,

and further that the statute of limitations had run as a result thereof, and that the same was not a failure otherwise than upon the merits within the meaning of R. C. 2305.19."

The purposes of a summons is to notify defendant of the proceedings and afford him an opportunity to appear and defend, and thus to give the court jurisdiction to proceed.

As stated by Zimmerman, J., speaking for the Supreme Court in *Maloney* v. *Callahan*, 127 Ohio St. 387, at page 396:

"The object of a summons is to notify a person he has been sued. In this case W. A. Maloney, doing business as the W. A. Maloney Company, was the real party in interest and the one against whom the actions were intended to be commenced. Maloney actually received the summonses. He was not misled, and it was his duty to come promptly into court and interpose any defenses he might have had to the actions."

Let us amplify the meaning of the word, "notify."

It is stated in 17 A. L. R. 2d 322, in a headnote to *Texas Co.* v. *Aycock*, 190 Tenn. 16, 227 S. W. 2d 41, 17 A. L. R. 2d 322:

"Whatever is sufficient to put a person upon inquiry is notice of all the facts to which that inquiry will lead when prosecuted with reasonable diligence and in good faith."

It was stated in another way in 73 A. L. R. 2d 495, in a headnote to the case of *Illinois Central Rd. Co.* v. *Blaha*, 3 Wis. 2d 638, 89 N. W. 2d 197, 73 A. L. R. 2d 495:

"Whatever fairly puts a person on inquiry with respect to an existing fact is sufficient notice of that fact if the means of knowledge are at hand; under such circumstances he is chargeable with knowledge of all the facts which, by proper inquiry, he might have ascertained."

In *Star* v. *Mahan*, 4 Dakota 213, 217, 30 N. W. 169, the Supreme Court of Dakota said:

"The remaining question to be considered is relating to the manner of stating the time and place of filing the complaint. The statement as to time and place of filing the complaint was at the foot of the summons, and not in the body of the summons. It was intended to be a part of the summons. *Cook* v. *Kelsey*, 19 N. Y. 413, is precisely

this case, and the learned judge well says: 'In contracts and other private instruments all that is written and executed at the same time, and upon the same subject-matter, and by the same parties, is considered one document, whether it be in one continuous body, or distinct and separate parts. Why should not the same rule be extended to the summons, especially as the Code was designed to give a preference to substantial over mere formal matters?' "

The court, in *Holt* v. *Sather*, 81 Mont. 442, 451, 264 P. 108, 112, said:

" * * * It was affirmatively shown that the defendant had been given all the knowledge the law required to be given, only in a slightly irregular way. Pertinently, the opinion of the court says 'when the reason for a rule ceases, so should the rule itself.' * * *"

We believe the trial court committed prejudicial error in quashing the service of summons in these cases.

In *First Nat. Bank of Joseph* v. *Rusk*, 64 Ore. 35, 42, 127 P. 780, 129 P. 121, 44 L. R. A. (N. S.) 138, the court says:

" * * * A summons is not a process or writ issued out of any court, but is a notice promulgated by the plaintiff and addressed to the defendant, requiring him to appear and answer, not the summons, but the complaint filed against him. * * *"

The object of the summons is to bring the defendant into court, not to make a record in court.

A pungent statement by the court was made in *McCoun* v. *N. Y. Central & H. R. Rd. Co.*, 50 N. Y. 176, in the syllabus:

"The provisions of the Code regulating the formal proceedings in an action do not, simply because they are statutory regulations, necessarily become of the substance of the remedy or substantial in their character."

Section 1.11, Revised Code, states in part as follows:

"Remedial laws and all proceedings under them shall be liberally construed in order to promote their object and assist the parties in obtaining justice. * * *"

Section 2703.03, Revised Code, is a remedial law.

We construe Section 1.11, Revised Code, to mean that a litigant, where possible, should win or lose his case on the merits and not on a procedural matter.

The rules of procedure should only be the means by which the case is brought before the court for trial. It should be the servant of the litigants to provide for the orderly progress of the case to its conclusion. It should not be the master.

When a summons is served on a defendant he is called upon to examine its total content. A defendant cannot ignore part and entertain part. If defendants had inspected all the summons, and there is nothing in the record to show that they did not, they would have known the purpose of the service of the summons upon themselves and would have been apprised of the nature of the relief sought. The process is valid when the defendant is not prejudiced, misled or deceived by the alleged irregularity and is clearly notified of the court before which he is required to appear and when and where he is to appear.

In the case of *Nichols* v. *State*, 71 Ohio St. 335, 338, Shauck, J., speaking for the court, said:

"By the judgment of the Circuit Court the summons appears to be unduly exalted and its function perverted. It is but a warning to the defendant to appear on the date named, the result of his failure to appear being that the court will proceed in the determination of his rights as though he were actually present. It is in no proper sense a writ to coerce his actual appearance. It is not an exercise of the jurisdiction of the court, but a notification preliminary to its exercise. * * *"

Taft, J., speaking for the Supreme Court in *Moriarty* v. *Westgate Center, Inc.*, 172 Ohio St. 402, 410, said:

"* * * To hold the service involved in the instant case invalid would be to exalt form over substance where the language of the statute specifically involved does not require us to do so and other applicable general statutory pronouncements warn us against doing that."

Significantly and pointedly, Section 2703.03, Revised Code, does not state where in the summons the "nature of the relief sought" should appear.

186

Schneider, J., speaking for the Supreme Court in *Krabill* v. *Gibbs*, 14 Ohio St. 2d 1, 6, said:

"* * * the object of statutes regulating process against a person who is 'present' within the territory of the court and over whom jurisdiction of that court *in personam* is sought or required to be obtained, is to give such notice as will in the nature of things most likely bring the attention of that person to the fact that an action has been instituted against him and that he has an opportunity to defend the same. * * *"

In view of those pronouncements of our Supreme Court, we hereby reverse the judgment of the Common Pleas Court in cases Nos. 1754, 1755 and 1756, and the cases are hereby remanded to the trial court for further proceedings according to law.

*Judgments reversed.*

McLaughlin, P. J., and Younger, J., concur.

Younger, J., of the Third Appellate District, Gray, J., of the Fourth Appellate District, and McLaughlin, J., of the Fifth Appellate District, sitting by designation in the Seventh Appellate District