LIBERTY MUTUAL INS. CO., APPELLANT, *v.* WILLIAMSON CO. ET AL., APPELLEES.

(No. 723—Decided August 6, 1969.)

Mr. *James A. Baird* and Mr. *Garver Oxley,* for appllant.

Mr. *Richard A. Betts,* Mr. *Marcus C. Downing,* Messrs. *Ritter & Boesel* and Mr. *Ellis F. Robinson,* for appellees.

GUERNSEY, J. This action was filed against three defendants alleging their joint and several liability for negligence and breach of warranty. Subsequently service of summons as to the Williamson Company was quashed and thereafter, on its motion, the petition was dismissed as to the Williamson Company. Appeal was taken therefrom by the plaintiff and the sole issue at this stage of the proceedings is whether the judgment is appealable.

It is the opinion of the majority of this court on the reasoning contained in the previously unpublished dissent-

ing opinion of the author in the cases of *Milligan* v. *Siegel* and *Hamilton, Admr.,* v. *Siegel,* Numbers 196 and 197, Court of Appeals for Wyandot County, decided June 27, 1964, that the order appealed from is not a final appealable order. That dissenting opinion, in pertinent part, reads as follows:

"It therefore appears that defendant Cornell is charged to be jointly liable with McBride and Swanson, other defendant drivers of other Army vehicles, for identical acts of negligence, and the petition in each case also charges the joint liability of Siegel and Midwest Livestock Company arising from other claimed acts of negligence or misconduct. It necessarily follows that, notwithstanding that in each case summons on the defendant Cornell was quashed and judgment entered dismissing him as a party defendant, the actions of the plaintiffs still remain pending and undetermined in the trial court and they may proceed to trial and judgment. It is possible that the judgments may be against the plaintiffs or they may be in favor of plaintiffs and against one or more of the defendants other than Cornell. At this time the ultimate result is, of course, a matter of mere speculation.

"The issue before us thus resolves itself to be whether a judgment quashing summons and dismissing from the action one of several defendants charged to be jointly liable is a final appealable order when the action still remains pending and may proceed to judgment as to the defendants who are not dismissed. In my view such judgment does not constitute a final appealable order.

"I first part company with my colleagues when they say there is no Ohio precedent for this conclusion. There is respectable authority both in Ohio and elsewhere. In the case of *Berman* v. *MacGregor, Admr.,* 7 Ohio Law Abs. 405, the Court of Appeals for Cuyahoga County had before it an appeal wherein summons was quashed and the action dismissed as against two nonresident defendants but remained pending as to others. In its opinion the court said and held:

" 'In the case of *Towne* v. *The National Machinery*

*Company,* 10 Ohio App. page 265, Judge Richards writing the opinion of the court in the Sixth District, in which motion to certify the case was overruled February 5th, 1928, held that an order granting a motion to quash service of summons was not a final order from which error could be taken; that it was necessary to have the case disposed of and a final entry in the case before an error of that kind could be prosecuted, and we are inclined to follow that authority.

" 'We do not think that at the present time there is anything before this court in which we can adjudicate the rights of the parties, and we think that a motion to quash the service of summons being granted in the original case, the original defendant MacGregor being still in the Court of Common Pleas, the order granting the motion to quash was not such a final order to which error can be prosecuted. The motion, therefore, to dismiss the petition in error is well taken and will be granted and, of course, that will dispose of the entire case so far as it now stands in this court.'

"The general rule is succinctly expressed in Section 104, Appeal & Error, 4 Corpus Juris Secundum 287, where it is stated:

" 'a. In General

" 'A judgment, order, or decree, to be appealable must ordinarily be final as to all the parties to the proceeding.

" 'As a general rule, an appeal or writ of error will not lie unless there has been a final disposition of the case, not only as to all the issues, as discussed supra Sec. 95, but also as to all of the parties to the suit, unless a denial of justice or great hardship would result from refusing to entertain an appeal in such a case.

" '* * *

" 'b. Dismissal or Nonsuit as to One or More of Several Parties

" 'Although there is authority to the contrary, a dismissal or nonsuit as to one or more of several parties is not ordinarily regarded as final.

" 'In accordance with the rule stated in the preceding

subdivision of this section, it has been held that a judgment or decree dismissing the action or bill as to less than all of two or more defendants, or a nonsuit as to one of several defendants, is not final so as to permit an appeal. * * *

" 'A judgment of dismissal as to some only of several defendants who have been jointly charged is not final and a judgment or decree dismissing the action or bill is not final where the ultimate question could not then be determined.

" '* * *.'

"Indeed the case of *Mid South Paving Co.* v. *State Highway Comm.*, 197 Miss. 751, 20 So. 2d, 834, cited by the majority of this court as authority for their position, constitutes sounder authority for the position taken by the author of this dissent, for immediately after the words quoted in the majority opinion appears the following:

" 'But while this is true, there must be a final decree as to all the parties before an appeal will lie; and the statute of limitations does not begin to run until final judgment as to all parties. * * *. The reason for the rule is disclosed in *Mulholland* v. *Peoples Bank*, 187 Miss. 608, 612, 192 So. 308, namely, that ordinarily the rights and liabilities of the several parties are so connected or interwoven that appeals by piecemeal should not be allowed.'

"Recognizing such rule, the Supreme Court of Mississippi proceeded to a consistent and proper conclusion that there was a final appealable order in the case before it, because the dismissal of a resident defendant permitted the remaining nonresident defendant to have the action removed to the federal courts, thus terminating the action in the state court.

"In the case of *Hoff* v. *Armbruster*, 125 Colo. 324, 244 P. 2d 1069, cited in the majority opinion, all but one of several defendants had been dismissed from the action, the trial court had ordered execution stayed and had fixed time for preparation and filing of a reporter's transcript, but no order was entered staying the effect of its judgment

as to the remaining defendant as required by an adopted rule of civil procedure. Under these circumstances the Supreme Court of Colorado considered the order appealed as being final.

"Section 2505.02, Revised Code, defines a final appealable order as being 'an order affecting a substantial right in an action which in effect determines the action and prevents a judgment.'

"It must not only (1) affect a substantial right but *also* must (2) in effect determine the action and prevent judgment.

"The orders here do not satisfy the second of these requirements for the plaintiffs' actions still remain pending and may be carried to judgment notwithstanding that summons has been quashed and the actions have been dismissed as to the defendant Cornell.

"Moreover, the invalidity of the position of the majority of this court, as expressed in the majority opinion, is compounded by the consequential results of such position. To conclude that the orders appealed from here are final appealable orders requires that this court retain the appeals and proceed to determine the merits of whether or not the trial court committed error (1) in quashing the summons or (2) in dismissing the actions as to the defendant Cornell, or in doing both of these things.

"However, it is basic in appellate procedure that no judgment may be reversed unless the error found be in fact prejudicial to the appellant, Section 2309.59, Revised Code, and it is also basic that prejudicial error must be affirmatively shown by the appellant.

"While plaintiffs' actions are still pending in the trial court, have not been tried, and have not been concluded by judgment, how can *prejudicial* error ever be affirmatively shown? It is even conceivable and within the realm of possibility that plaintiffs may proceed to and collect judgment against one or more of the remaining defendants.

"Thus, by retaining these appeals the majority of

this court may be retaining them for the determination of a question, which, if error is found, becomes merely academic when reversal may not be had for the lack of affirmative proof of prejudice.

"In my opinion the appeals should be dismissed for want of final appealable orders."

If there was any doubt that such reasoning was valid the majority of this court are of the opinion that such doubt was further resolved by the adoption by the Legislature, effective August 26, 1963, after the cited actions had been filed, of Section 2307.191, respecting the joinder of parties defendant in "one action." It must be concluded from these joinder provisions that an order dismissing one of the parties so joined, where the liability alleged is joint, is not an order which "in effect determines the action and prevents a judgment." Section 2505.02, Revised Code.

Thus, the decision of the court in *Milligan* v. *Siegel* and *Hamilton, Admr.*, v. *Siegel, supra*, as expressed by the unpublished majority opinion in those cases and as announced on June 27, 1964, is overruled.

It did not necessarily follow from the trial court's sustaining the motion to quash that the Williamson Company would escape liability. If its potential liability was actually joint and several, as appears from the petition, the plaintiff was not precluded by virtue of the court's order from taking appropriate and timely steps to preserve his cause of action against that company, including the filing of a separate suit where jurisdiction over such company could be had.

The appeal herein is dismissed at the costs of the appellant.

*Appeal dismissed.*

Cole, P. J., concurs.

Younger, J., dissenting. The petition in this case is against three defendants, the Williamson Company, a fur-

nace manufacturer, Gail H. Aller, a building contractor, and Fred Sampson, a furnace contractor. It was filed November 12, 1965. The praecipe filed with the petition ordered the clerk to "issue summons and *copies of this Petition*" to the defendants, including "Williamson Company, by serving the statutory agent, Nelson Schwab, Jr., 1616 Fifth-Third Bank Building, Cincinnati, Ohio," and to "Endorse thereon, 'Action for money only, amount claimed Twenty Six Thousand Eight Hundred Nine and 87/100 Dollars ($26,809.87) plus interest and costs.' " This was done and thereafter the Williamson Company filed a motion not intending to enter its appearance and moved the court to quash the service of summons made upon it "for the reason that such service was illegal because the praecipe to the clerk of courts for service of summons does not state the nature of the relief sought by the plaintiff in its petition." This motion was thereafter sustained by the Common Pleas Court.

In this respect the Common Pleas Court was in error. This matter has been very carefully considered in the case of *Baldine* v. *Klee*, 14 Ohio App. 2d 181, on which motion to certify to the Supreme Court was overruled December 18, 1968.

In that case it was held:

"3. A summons, in the body of which 'the nature of the relief sought' * * * is not set out, but which is endorsed on its back 'action for money only' and the amount claimed, is not fatally defective on the ground that it does not state in the body thereof 'the nature of the relief sought'; and it is prejudicial error to quash such service of summons for such reason."

In the *Baldine case*, as in this case, a copy of the petition was served with the summons.

The court in *Baldine* v. *Klee* in its opinion says:

"When a summons is served on a defendant he is called upon to examine its total content. A defendant cannot ignore part and entertain part. If defendants had inspected all the summons, and there is nothing in the record

to show that they did not, they would have known the purpose of the service of the summons upon themselves and would have been apprised of the nature of the relief sought."

Nothing of importance was thereafter done in the case until on August 20, 1968, the defendant, Williamson Company, filed a motion asking that the plaintiff's petition be dismissed as against it.

Thereafter on September 6, 1968, the plaintiff filed a motion asking the court to vacate its former order quashing the service of summons, citing *Baldine* v. *Klee.*

On November 4, 1968, the court overruled the motion of the plaintiff for vacating and ordering quashing of the service and sustained the motion of Williamson Company that the petition of plaintiff be dismissed as to it.

It is from this order that this appeal is taken.

There is no question that the court should have vacated its order quashing service of summons upon the authority of *Baldine* v. *Klee,* but such would not have been a final order from which this appeal could be taken. However, when the court dismissed the plaintiff's petition as to the defendant, Williamson Company, an entirely different question is presented.

A final order is defined in Section 2505.02, Revised Code, and is "an order affecting a substantial right in an action which in effect determines the action and prevents a judgment."

In my opinion the order appealed from is a final judgment.

We cannot anticipate what the evidence in this case will be but the petition is general and alleges that the furnace which was installed was imperfect mechanically and not in proper working condition, that plaintiffs received a warranty that the furnace and its installation was suitably and reasonably fit for the use intended and that it was averred by the defendants that the furnace was free from defects. It may be from the evidence that the Williamson Company is liable upon an express warranty. It may

be that the Williamson Company is liable upon an implied warranty or that the Williamson Company is guilty of some negligence. This we cannot anticipate but in any event since the court has dismissed the petition of the plaintiff as to the Williamson Company the plaintiff is prevented from obtaining a judgment against it. The Williamson Company may be the main defendant and if the damage was caused by breach of warranty express or implied on behalf of the Williamson Company the two remaining defendants might not be liable therefor.

The dissenting opinion in the *Milligan* and *Hamilton* *cases* quoted in the majority opinion says:

"The issue before us thus resolves itself to be whether a judgment quashing summons and dismissing from the action one of several defendants charged to be jointly liable is a final appealable order when the action still remains pending and may proceed to judgment as to the defendants who are not dismissed."

This assumes that if plaintiff secures judgment it will be against all the defendants and that he may proceed to collect his judgment against any one of such defendants as remains.

However, Section 2307.191, Revised Code, provides inter alia:

"Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective rights to relief, and against one or more defendants according to their respective liabilities."

So that in the instant case it may very well be that plaintiff could not recover a judgment against all the defendants. The jury could very well determine that Aller, a building contractor, knew nothing of the furnace or its installation and that Sampson, the furnace contractor, knew nothing of the faulty construction of the furnace and enter judgment for them, but that the Williamson Company, being the manufacturer of an imperfect or faulty furnace, was liable upon its written warranty or implied warranty and

enter judgment against it. Thus, the plaintiff would be unable to recover because the court by erroneously quashing the service and dismissing the action as to the Williamson Company had prevented a judgment. The defendants in this case are not mere names. Their liability, if any, in this case is distinct and separate, and it cannot be assumed, as the majority opinion argues, that as long as one defendant remains, plaintiff, if he receives a verdict, can proceed against him for collection. The damage to plaintiff here was substantial and the amount sued for is large, $26,-809.87, and plaintiff is wronged by permitting the Williamson Company to escape liability in the first trial.

In my opinion the order appealed from "determines the action and prevents a judgment" against the Williamson Company and therefore is a final order.