**134**

(No. 698—Decided July 9, 1970.)

*Messrs. Swinehart & Goater, Mr. Howard Swinehart, Messrs. Kusworm & Myers, Mr Jacob A. Myers* and *Mr. R. K. Wilson,* for appellant.

*Messrs. Beiser, Greer & Landis* and *Mr. David Greer,* for appellee, Spencer.

*Messrs. Moorman & Hooper,* and *Mr. James Hooper* for appellee, Price.

*Messrs. Miller & Bazler* and *Mr. Robert S. Miller,* for appellee, Hanna.

*Messrs. Faust, Harrelson & Thornburgh* and *Mr. William H. Thornburgh,* for appellees, Pereyma, Steinhilber, Hoak, Torrence & Upton.

CRAWFORD, J. Plaintiff, a professional psychiatrist, brought an action against eight defendants, members of the executive committee and the administrator of Dettmer Hospital, alleging that they maliciously conspired together to deprive him of his right to practice in that hospital. Each defendant filed a motion for summary judgment.

These motions were overrued as to three defendants, but were sustained as to the other five, and such judgments were accordingly entered for them. It is from these five summary judgments that plaintiff has appealed.

The five appellees move to dismiss the appeal on the authority of *Liberty Mutual Ins. Co.* v. *Williamson Co.* (1969), 19 Ohio App. 2d 125. The majority of the court held in that case:

"When the petition in an action alleges the joint and several liability of the defendants, a judgment of dismissal as to one of the defendants which does not determine the ultimate issue in the action is not final so as to permit an appeal."

Judge Younger wrote a vigorous dissent, and there is authority to the contrary to be found in other jurisdictions. The majority opinion declared that two earlier contrary decisions by the same court were being overruled.

There are vital distinctions between that case and this. That was an appeal from an order dismissing a petition for negligence and breach of warranty against the Williamson Company, one of three defendants, upon the sustaining of a motion to quash service upon it.

Here the question is not a preliminary one of service, but it is whether there is a genuine issue as to any material fact and whether the moving party is entitled to judgment as a matter of law. R. C. 2311.041. A summary judgment is, therefore, a final judgment. Thus final judgments have been entered against the appellant and for these five appellees.

A summary judgment is comparable to a judgment entered upon the sustaining of a demurrer to a petition for failure to state a cause of action, which, as is well settled, is final and appealable. *Schindler* v. *Standard Oil Co.* (1956), 165 Ohio St. 76.

The holding in *Liberty Mutual* is predicated upon the allegation of a joint and several liability of the defendants. Here the alleged liability is joint. This cause is grounded in conspiracy, which signifies concerted action by all, not merely converging results from separate individual acts.

A conspiracy is a whole. When one or more conspirators are removed, it becomes to that extent a different conspiracy by a different group.

In *Liberty Mutual,* the majority opinion says the plaintiff has an alternative. The penultimate paragraph of the opinion reads:

"It did not necessarily follow from the trial court's sustaining the motion to quash that the Williamson Company would escape liability. If its potential liability was actually joint and several, as appears from the petition, the plaintiff was not precluded by virtue of the court's order from taking appropriate and timely steps to preserve his cause of action against that company, including the filing of a separate suit where jurisdiction over such company could be had."

The present plaintiff has no alternative. If these judgments are not reversed, these five defendants will escape liability. The judgments thus being final, plaintiff must appeal them within the time provided for appeal, and may not await the outcome of the trial against the other three defendants.

Objection is made that while the appeal is pending in this court, the trial of the other three defendants might proceed simultaneously in the Court of Common Pleas. If it is conceivable that the Court of Common Pleas should thus proceed, and the judgments against the five should later be reversed, two successive trials might be required. Such an unlikely threat of piecemeal trials in the Court of Common Pleas cannot deprive plaintiff of his present right of appeal.

The motion to dismiss the appeals will be overruled.

*Motion overruled.*

KERNS, P. J., and SHERER, J., concur.