OPINION
Plaintiff, Lisa Qualls, appeals from a summary judgment for Defendant, Vernay Laboratories, Inc. ("Vernay"), on Qualls' claim for relief alleging an employer intentional tort. The summary judgment also foreclosed a claim by Qualls' husband for loss of consortium.
Qualls was injured on April 7, 1999, while operating a press. She and her husband filed their joint complaint on April 3, 2000. Vernay answered on June 15, 2000. After extensive discovery, Vernay filed a Civ.R. 56 motion for summary judgment on June 4, 2001. Qualls filed a motion contra on June 20, 2001. Both motions were supported by depositions. By letter dated June 28, 2001, Qualls asked the court to rule on Vernay's motion for summary judgment on or before July 13, 2001, when a mediation hearing was scheduled.
On July 5, 2001, Vernay filed a Reply Brief in support of its earlier motion for summary judgment. The Reply Brief attached further evidentiary material in the form of an affidavit of Douglas Fisher, Vernay's safety manager. Four days later, on July 9, 2001, the court granted Vernay's motion for summary judgment, relying on the Fisher affidavit.
On July 10, 2001, Qualls moved to strike Fisher's affidavit, complaining that it contained hearsay. Qualls also asked for additional time to reply to the issues raised in the affidavit. The court granted the parties seven days each to address the issue.
Qualls filed an affidavit of another employee, Martha Davis, which contradicted the Fisher affidavit in several respects. Qualls then filed a response to the Fisher affidavit. Vernay filed a motion contra, arguing both the merits of the issue and that the trial court lacked jurisdiction to modify its summary judgment because it was a final order.
On July 31, 2001, the trial court denied Qualls' motion to reconsider and/or strike and affirmed its earlier summary judgment for Vernay. Qualls filed a timely notice of appeal from the summary judgment of July 9, 2001.
Qualls presents two assignments of error on appeal. For purposes of economy, they will be addressed in reverse order.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION FOR RECONSIDERATION, WHICH IT PROPERLY CONSIDERED AS A RULE 60(B) MOTION.
A summary judgment that determines all claims for relief in an action is a final order. Chiaffitelli v. Price (1970), 24 Ohio App.2d 134 . The court that entered the order thereafter lacks jurisdiction to vacate the order except on the narrow grounds for which Civ.R. 60(B) provides. Those grounds are equitable in nature and pertain to the conduct of the parties. They do not comprehend the correction of legal error committed by the trial court.
The trial court did not treat Qualls' motion of July 10, 2001 as a Civ.R. 60(B) motion to vacate its summary judgment order. Neither did Qualls invoke Civ.R. 60(B) in support of its July 10, 2001 motion. Therefore, we decline to apply the legal standards governing Civ.R. 60(B) in deciding this assignment of error.
Essentially, the Qualls complained in their motion of July 10, 2001, and pleadings filed subsequent to it, that they were denied the time to which they were entitled to respond to the affidavit of Douglas Fisher. We agree that they were.
Civ.R. 56(C) requires the court to rule on a motion for summary judgment on the basis of all evidentiary materials the parties have submitted and to construe them most strongly in favor of the party against whom the motion is made. The rule provides that "[t]he motion shall be served at least fourteen days before the hearing." It further provides that "[t]he adverse party, prior to the date of the hearing may serve and file opposing affidavits."
The fourteen day requirement does not mandate a hearing. However, it operates to afford the party opposing the motion fourteen days within which to reply. Therefore, a trial court errs when it grants the motion prematurely, before fourteen days from its filing has expired. Manor CareNursing Rehabilitation Ctr. v. Thomas (1997), 123 Ohio App.3d 481.
Vernay's motion for summary judgment and supporting materials was filed on June 4, 2001. Civ.R. 56 does not prohibit submission of additional materials thereafter. Therefore, the affidavit of Douglas Fisher that Vernay submitted on July 5, 2000, was not prohibited by the terms of Civ.R. 56(C). However, Qualls was entitled under the rule to an additional fourteen days after Vernay's Reply Brief was filed on July 5, 2001 within which to respond to the affidavit and the issues it presented. That period is enlarged to twenty days by operation of Greene Loc.R. 24. Therefore, the trial court erred when it decided Vernay's motion for summary judgment only four days after Fisher's affidavit was filed, on July 9, 2001.
In overruling Qualls' motion for reconsideration, the trial court stated that there was evidence sufficient to support its summary judgment order absent Fisher's affidavit. However, the court's order relies on Fisher's affidavit. We believe that the Plaintiffs were entitled to an opportunity to oppose it before the motion was decided. The trial court erred when it denied them that opportunity. The court's subsequent order overruling their motion for reconsideration is, like the motion, a nullity with respect to the error the court committed.
The second assignment of error is sustained.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO APPELLEE.
The error assigned is rendered moot by our disposition of the second assignment of error. Therefore, pursuant to App.R. 12(A)(2), we exercise our discretion to decline to rule on it.
 Conclusion
Having sustained the second assignment of error, we will reverse the order from which the trial court was taken and remand the case to the trial court for further proceedings.
BROGAN, J. and YOUNG, J. concur.