[Cite as *Nix v. Lytle*, 2013-Ohio-331.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| NANCY E. NIX, TREASURER, | : | CASE NO. CA2012-06-119 |
| Plaintiff-Appellee, | : | |
| | : | O P I N I O N<br>2/4/2013 |
| - vs - | : | |
| | : | |
| JOHN H. LYTLE III, et al., | : | |
| Defendants-Appellants. | : | |


CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2010-03-1244


Michael T. Gmoser, Butler County Prosecuting Attorney, Susan R. Schultz, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Richard Boucher, 12 West Monument Avenue, Suite 200, Dayton, Ohio, 45402, for defendant, John H. Lytle III

Flagel & Papakirk, LLC, Benjamin Rodriguez, 50 East Business Way, Suite 410, Cincinnati, Ohio 45241, for defendant-appellee, 2012 Series 6468, LLC

Linda Lytle Goeble, 1212 Lytle Lane, Kettering, Ohio 45409, defendant, pro se

John Herr, 400 South Main Street, Middletown, Ohio 45044, for defendant-appellant, Terry L. Lytle


**M. POWELL, J.**

{¶ 1} Defendant-appellant, Terry Lytle, appeals a decision of the Butler County Court

of Common Pleas denying her motion to vacate a default judgment entered against her.

**{¶ 2}** In March 2010, Butler County Treasurer Nancy Nix filed a complaint in the trial court to foreclose delinquent tax liens on two parcels of property. The complaint named John H. Lytle III (the property owner), the unknown spouse of John H. Lytle III, and Towne Bank (the mortgagee of the parcels) as defendants. The treasurer's complaint was eventually disposed of in March 2011 with an Entry of Satisfaction and Dismissal.

**{¶ 3}** WesBanco Bank, Inc., Towne Bank's successor in interest, filed an answer to the treasurer's complaint in May 2010.[1] The following month, WesBanco filed an Amended Answer, Counterclaim, and Cross-Claim in Foreclosure ("amended pleading") which added appellant as a new party defendant. WesBanco requested that the clerk of court serve appellant and other defendants with a summons and a copy of the amended pleading by certified mail. On June 14, 2010, the clerk sent appellant a "Summons on Amended Counterclaim" and a copy of the "amended counterclaim" by certified mail. The summons did not contain the name and address of WesBanco's attorney. The certified mail was returned "unclaimed."

**{¶ 4}** WesBanco subsequently requested that the clerk serve appellant with a summons and a copy of the amended pleading by ordinary mail. On August 13, 2010, the clerk sent appellant a "Summons on Cross Claim" and a copy of the "cross claim" by ordinary mail. Once again, the summons omitted the name and address of WesBanco's attorney. The ordinary mail was not returned.

**{¶ 5}** In March 2011, WesBanco moved for default judgment against appellant and other defendants. The motion was served on all parties, including appellant. Appellant did

---

1. In August 2012, WesBanco assigned its interest in the mortgage to 2012 Series 6468, LLC. By order filed on September 5, 2012, the trial court substituted 2012 Series 6468, LLC as a defendant and removed WesBanco as a defendant in this action.

not respond to the motion and failed to appear before the trial court. On May 6, 2011, the trial court granted WesBanco's motion. In its judgment entry and decree of foreclosure, the trial court found that appellant had been properly served by ordinary mail on August 13, 2010, and that she was properly before the court. Notice of the judgment entry was mailed to all parties, including appellant.

{¶ 6} Ten months later, appellant moved to vacate the default judgment entered against her. Appellant argued that the trial court never acquired personal jurisdiction over her because she was never properly served with WesBanco's amended pleading. Specifically, appellant first argued that service was defective under Civ.R. 4 because the certified mail summons omitted certain information required under Civ.R. 4. Appellant further argued that service was also defective under Civ.R. 4.6 because the ordinary mail summons similarly omitted certain information required under Civ.R. 4. In addition, it was not an exact duplicate of the summons sent by certified mail.

{¶ 7} On May 14, 2012, the trial court denied appellant's motion to vacate. The trial court found that once the certified mail was returned "unclaimed," Civ.R. 4.6 authorized service of summons and the amended pleading by ordinary mail. The court also found no prejudice in the fact that the ordinary mail summons omitted certain required information and that it was not an exact duplicate of the certified mail summons, because appellant was "clearly put on notice" by the ordinary mail summons that claims were filed against her.

{¶ 8} Appellant appeals, raising the following assignment of error:

{¶ 9} THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY DENYING HER MOTION TO VACATE AS VOID AB INITIO A DEFAULT JUDGMENT AGAINST HER, A MOTION THAT WAS PREMISED ON JURISDICTIONAL GROUNDS RELATED TO NON-COMPLIANCE WITH CIVIL RULES FOR SERVICE OF SUMMONS BY ORDINARY MAIL.

{¶ 10} Appellant argues the trial court erred in denying her motion to vacate the default judgment. Appellant asserts the trial court never acquired personal jurisdiction because she was never properly served with WesBanco's amended pleading, and thus the default judgment entered against her was void. Specifically, appellant asserts the ordinary mail service failed because the ordinary mail summons was not an exact duplicate of the summons sent by certified mail as required under Civ.R. 4.6.

{¶ 11} In order to render a valid judgment, a court must have personal jurisdiction over the defendant. *Maryhew v. Yova*, 11 Ohio St.3d 154, 156 (1984). Any judgment rendered by a court that has not acquired personal jurisdiction over the defendant is void. *Beachler v. Beachler*, 12th Dist. No. CA2006-03-007, 2007-Ohio-1220, ¶ 13; *Confidential Services, Inc. v. Dewey*, 10th Dist. No. 98AP-905, 1999 WL 224431, *2 (Apr. 15, 1999).

{¶ 12} A court acquires personal jurisdiction over the defendant when (1) service of process is completed over the defendant, (2) the defendant voluntarily appears and submits to the court's jurisdiction, or (3) the defendant involuntarily submits to the court's jurisdiction. *Maryhew* at 156. "The latter may more accurately be referred to as a waiver of certain affirmative defenses, including jurisdiction over the person under the Rules of Civil Procedure." *Id.*

{¶ 13} Lack of jurisdiction over the person, insufficiency of process, and insufficiency of service of process are all affirmative defenses. Civ.R. 12(B)(2), (4), and (5). Pursuant to Civ.R. 12(H)(1), these affirmative defenses are waived unless raised by a defendant in a responsive pleading or by motion before any pleading. *Gliozzo v. Univ. Urologists of Cleveland, Inc.*, 114 Ohio St.3d 141, 2007-Ohio-3762, ¶ 8, 9, 13; *Confidential Services*, 1999 WL 224431 at *2.

{¶ 14} In the case at bar, the certified mail was returned "unclaimed." By contrast, the ordinary mail was never returned. Appellant does not deny being served with the ordinary

mail summons. The purpose of a summons is to give notice to the defendant that claims have been filed against him and that he is required to appear and answer. *Joseph v. Lastoria*, 12th Dist. No. CA88-05-040, 1988 WL 117792, *2 (Oct. 31, 1988), citing *Baldine v. Klee*, 14 Ohio App.2d 181 (11th Dist.1968). "'When a summons is served on a defendant he is called upon to examine its total content. A defendant cannot ignore part and entertain part.'" *Sanborn v. Dean*, 11th Dist. No. 92-G-1691, 1993 WL 170977, *3 (Mar. 31, 1993), quoting *Baldine* at 185.

{¶ 15} Appellant never filed a responsive pleading to WesBanco's amended pleading. Had appellant inspected the ordinary mail summons, she would have realized that it omitted certain information required under Civ.R. 4 and that it was sent by ordinary mail allegedly in violation of Civ.R. 4.6. Pursuant to Civ.R. 12(B), appellant should have raised the defenses of lack of jurisdiction over her person, insufficiency of process, or insufficiency of service of process either through a motion or in a responsive pleading. She did not. Appellant's failure to assert these defenses in a timely manner constitutes a waiver of such defenses. *See Gliozzo*, 2007-Ohio-3762 at ¶ 13; *D'Amore v. Mathews*, 193 Ohio App.3d 575, 2011-Ohio-2853, ¶ 33-34 (12th Dist.); *Sanborn* at *3; Civ.R. 12(H)(1).

{¶ 16} With regard to appellant's argument that ordinary mail service failed because the ordinary mail summons was not identical to the summons sent earlier by certified mail, we note that appellant does not cite any case law, and we have found none, to support her assertion. Appellant relies on the phrase in Civ.R. 4.6(D) that "the clerk shall send by United States ordinary mail a *copy* of the summons and complaint or other document to be served[.]" (Emphasis added.) However, Civ.R. 4.1(A)(1)(a), which governs service of process by certified mail, also requires the clerk to "deliver a *copy* of the process and complaint or other document to be served to the United States Postal Service[.]" (Emphasis added.) The use of the word "copy" in both rules suggests it refers to the document that is

kept on file by the clerk and served. It does not indicate a requirement that the ordinary mail summons be identical to the certified mail summons.

{¶ 17} By failing to assert lack of jurisdiction over her person, insufficiency of process, or insufficiency of service of process in a timely manner, appellant involuntarily submitted to the jurisdiction of the trial court. *Maryhew*, 11 Ohio St.3d at 156. Thus, the trial court had personal jurisdiction over appellant when it granted WesBanco's motion for default judgment. The trial court, therefore, did not err in denying appellant's motion to vacate the default judgment entered against her.

{¶ 18} Appellant's assignment of error is overruled.

{¶ 19} Judgment affirmed.

HENDRICKSON, P.J., and RINGLAND, J., concur.