ILLINOIS CENTRAL RAILROAD COMPANY, Respondent, vs. BLAHA, Trustee, Appellant.*

*March 7—April 8, 1958.*

* Motion for rehearing denied, with $25 costs, on June 3, 1958.

640

642

For the appellant there was a brief by *Wickham, Borgelt, Skogstad & Powell,* attorneys, and *Arthur Wickham* of counsel, all of Milwaukee, and oral argument by *Mr. Wickham.*

For the respondent there was a brief by *Schubring, Ryan, Petersen & Sutherland,* and oral argument by *William Ryan* and by *James C. Herrick,* all of Madison.

MARTIN, C. J. Defendant contends (1) that the judgment in the Cunningham case is not binding on it for the reason that it was not given proper and timely notice or a reasonable opportunity to defend in that action; (2) that defendant's dock was not an "obstruction" within the meaning of the sidetrack agreement; (3) that plaintiff is estopped because it moved the tracks closer to the dock after the agreement was entered into; (4) that defendant should have had the opportunity to relitigate the causal negligence of Cunningham; and (5) that any recovery by the plaintiff should be limited to 50 per cent under the provisions of paragraph 4 of the sidetrack agreement. The defenses are of an equitable nature.

With respect to notice the record discloses the following facts: Defendant knew the circumstances of the injury to Cunningham on January 18, 1952; its manager was present at the scene of the accident and later reported it to the board

of directors. In February of 1952 the claim agent of the plaintiff called on the manager and discussed the accident, calling his attention to the contract. In May the manager made a trip to Freeport, Illinois, where he was present at a conference with Mrs. Cunningham and her attorney. Defendant's board of directors met on May 19, 1952, a history of the Cunningham matter was given by the executive secretary, the accident was discussed with respect to the defendant's possible liability in connection therewith, and it was agreed to retain legal counsel to defend its position. Thereafter the defendant retained an attorney in the matter, and about May 9th he had a telephone conversation with the plaintiff's claim agent wherein he was informed that the plaintiff was looking to the defendant for indemnification under the terms of the contract, of which terms the attorney was aware. The attorney testified that he requested the railroad to keep him informed with respect to the claim but made no further inquiry with respect thereto. He testified he heard no more about the matter after November, 1952, and, without further inquiry, closed his file and submitted his bill to the client.

On September 15, 1952, defendant received a notice of attorneys' lien from the attorneys representing Mrs. Cunningham, administratrix of the estate of her deceased husband.

The Cunningham action was commenced in November of 1952 and the case was set for trial on May 12, 1953. These facts were communicated to the defendant by letter of the plaintiff's general solicitor received May 7, 1953. By that letter demand was made upon defendant to assume the liability in said action and the defense thereof was tendered to the defendant. Defendant's attorney replied that the defendant declined to accept the defense because of the short notice; no effort was made to effect an adjournment or a delay of the trial. Copies of the pleadings in the case were

received by the attorney for the defendant on May 12th, the day the trial opened in Chicago. The attorney testified that during the period after he was retained by defendant until he was notified of the trial he was in possession of some facts regarding the accident and that he made an investigation of the law as to the possible liability of his client.

With respect to the question of notice, upon the record before us, the trial court was forced to conclude that defendant at no time evinced any interest in the claim of Mrs. Cunningham against the Railroad Company.

Defendant received notice of the pendency of the Cunningham action five days before trial. In *Robbins v. Chicago* (1867), 71 U. S. (4 Wall.) 657, 674, 18 L. Ed. 427, 431, one Robbins contended that notice to him of the suit against the city was defective because it did not specify the court in which the suit was pending. The evidence showed that he was in the courthouse on the day the trial commenced, or the day before, and was informed by counsel for the city that the case was about to be heard. The court said (p. 674) :

". . . the defendant cannot evade the effect of the judgment upon the ground that he did not know in which court the case was pending. Persons notified of the pendency of a suit in which they are directly interested must exercise reasonable diligence in protecting their interests, and if instead of doing so they wilfully shut their eyes to the means of knowledge which they know are at hand to enable them to act efficiently, they cannot subsequently be allowed to turn round and evade the consequences which their own conduct and negligence have superinduced. *May v. Chapman,* 16 Mees. & W. 355."

In our opinion, under ordinary circumstances five days' notice would be insufficient to constitute proper notice. However, the record in this case shows a disregard of and a complete failure to recognize any liability in the Cunningham matter on the part of the defendant. It knew from the time

of the accident that Mrs. Cunningham was making a claim against the Railroad Company and that the Railroad Company intended to hold the defendant liable under the indemnity agreement. Even before suit was commenced the defendant's attorney, after making an investigation of the matter, closed his file and sent in his bill. Defendant's entire course of conduct led the Railroad Company to conclude that the defendant was ignoring the claim and there was no reason to believe that defendant's attitude would have been different had an earlier notice of the suit been given.

A strict application of the rule requiring timely notice is not warranted under these circumstances. The defendant having knowledge of the accident and the claim and being informed that the Railroad Company was looking to it for indemnification, some responsibility devolved upon it to pursue the matter in its own behalf if it did not wish to rely upon the defenses which the Railroad Company would make. It made no inquiries concerning the claim or the suit. Plaintiff had no choice but to defend the claim as best it could. The primary liability was the plaintiff's.

The authorities cited by defendant make it plain that the purpose of requiring timely notice is to give the indemnitor a reasonable opportunity to defend. Defendant had such opportunity but made no use of it. See *Robbins v. Chicago, supra*. The facts and circumstances relating to Cunningham's accident were known to the defendant when it occurred. It knew Mrs. Cunningham was making a claim against the railroad. It knew that the Railroad Company was relying on the indemnity clause of the contract. It retained an attorney to represent it in the matter. All the facts, ignorance of which it now complains, were facts which it could have obtained if it had any desire to defend or contribute to the defense. A party with notice of facts such as this defendant had is remiss in its duty to ignore them. It cannot now complain.

As stated in *Zdunek v. Thomas* (1934), 215 Wis. 11, 15, 254 N. W. 382:

"It is a general rule of law sustained by the authority of many cases that whatever fairly puts a person on inquiry with respect to an existing fact is sufficient notice of that fact if the means of knowledge are at hand. If under such circumstances one omits to inquire, he is then chargeable with all the facts which, by proper inquiry, he might have ascertained. *Melms v. Pabst Brewing Co.* 93 Wis. 153, 165, 66 N. W. 518, 20 R. C. L. p. 346, sec. 7, and cases cited.

"The matter of knowledge or means of knowledge is dealt with in the Restatement of the Law of Contracts, sec. 180, comment *f*:

" ' A person has "reason to know" a fact when he has such information as would lead a person exercising reasonable care to acquire knowledge of the fact in question or to infer its existence.'

"If a person confronted with a state of facts closes his eyes in order that he may not see that which would be visible and therefore known to him if he looked, he is chargeable with 'knowledge' of what he would have seen had he looked."

Considering all the information which defendant had with respect to the Cunningham claim long before the trial of the action into which it grew, there was ample opportunity to prepare for a defense. It was defendant's own choice not to avail itself of that opportunity.

The question is whether the judgment in the prior action is conclusive. As stated in 42 C. J. S., Indemnity, p. 618, sec. 32 (2), where proper notice of the action against the indemnitee has not been given the indemnitor, the judgment is at least *prima facie* evidence as to the damages and other facts adjudicated, and that—

"The omission to give notice to the indemnitor, however, does not affect the right of action against him, but simply changes the burden of proof and imposes on the indemnitee the necessity of again litigating and establishing all of the actionable facts. The indemnitor may show that the indem-

nitee had a good defense in the former action which he neglected to make, or that no liability existed against the indemnitee; or he may contest the validity of the judgment, as by showing that it was obtained by fraud or collusion; or he may contest the measure of damages recovered in the former action, or set up any other defenses he may have . . . and where the indemnitor, in the action against him, sets up the same defense as was set up by the indemnitee in the former action, in the absence of any plea of fraud, the judgment in that action is conclusive on the indemnitor."

In this case the trial court treated the judgment in the Cunningham action as *prima facie* evidence and permitted defendant to introduce evidence to overcome it. The defendant's evidence had no such force and effect. It failed to show that the indemnitee had a good defense in the former action which it did not make. The complaint in the Cunningham case alleged negligence of the Railroad Company in failing to furnish a safe place, in the operation of the train, and the failure to warn Cunningham of the dangers present. The answer of the Railroad Company denied all such allegations and affirmatively alleged negligence on the part of Cunningham. As shown by the record in that case, which is in evidence here, with respect to the liability of the Railroad Company, all these issues were fully tried. Nor does the defendant make any showing that the judgment was obtained by fraud.

Defendant did not put in issue here the damages assessed by the district court jury nor did it introduce any evidence to show that the verdict was excessive or influenced by passion or prejudice. The issue of damages, as the record in the prior action shows, was also fully tried in the district court. Under all the circumstances, including the defendant's failure to participate in the defense of the prior action, it cannot now be permitted to have another jury pass upon the question.

The judgment of the district court being *prima facie* evidence as to the facts adjudicated therein, and the defendant failing to raise any unlitigated defense or make a showing of fraud or of incompetency in the defense of the prior suit, under the rule stated above that judgment becomes conclusive upon the defendant here.

Judgment was entered in the Cunningham case against the Railroad Company in the sum of $100,000, and defendant was advised thereof on May 15, 1953. The Railroad Company took an appeal and on December 29, 1953, it notified the Cheese Producers that an appeal had been taken and that the parties contemplated a settlement in the sum of $75,000. Again the Cheese Producers ignored the notice. On December 31, 1953, the matter was compromised and settled by the payment to Mrs. Cunningham of $75,425.

Defendant contends that by compromising the judgment plaintiff is estopped from relying on it as evidence of the defendant's liability, citing *Fidelity & Deposit Co. v. Henry* (1915), 109 Miss. 858, 69 So. 1011, and *American Surety Co. v. Ballman* (8th Cir. 1902), 115 Fed. 292. The cases are not in point. In those cases the indemnitor had come in to defend, along with the indemnitee, the action on which the liability depended; both indemnitor and indemnitee appealed from an adverse judgment. While the appeals were pending, the indemnitee in each case settled with the plaintiffs without the consent and against the protest of the indemnitor. In each case the subsequent action by the indemnitee against the indemnitor for recovery of the amount of the settlement was dismissed on the ground that the settlement deprived the indemnitor of its rights of defense, which included the right of review by the court of last resort.

We have no such circumstances here. As discussed above, the evidence shows that at no time did the defendant show any interest in the claim or suit of Mrs. Cunningham. Having, in effect, abandoned its rights of defense, it was deprived

of no such rights by the compromise and settlement. It has made no showing that fraud or bad faith played any part in the settlement or that the amount thereof was not reasonable and fair. It appears only to rely on an insinuation of inexperience on the part of counsel for the Railroad Company, both in the trial and in the settlement of the Cunningham case,—an insinuation which the record does not disclose. In any event, the settlement could not of itself render the judgment of the district court a nullity so far as the merits are concerned, there having been no showing of fraud or that all the available defenses were not litigated or that a better settlement was possible.

It is contended that defendant's dock was not an "obstruction" within the meaning of the sidetrack agreement, but that if it be so considered, the plaintiff cannot recover for a violation of the "obstruction" provisions because it moved its tracks closer to the dock. There is no merit in the argument. Obviously, the prohibition of obstructions within eight and one-half feet of the center of the track was for the purpose of maintaining a proper clearance for the operation of trains. The language and the intent of the clause are unambiguous, and the evidence is undisputed that the dock extended into the prohibited area.

There was no waiver of the plaintiff's cause of action under the indemnity clause by reason of the fact that it moved the track closer to the dock. This is expressly covered in the contract:

"Knowledge of, or notice to the Railroad Company of such failure [to maintain 8½ feet clearance] and its continued operation of the track thereafter shall not be a waiver of this covenant."

It is undisputed that the track was relocated for the convenience and benefit of the defendant, so that defendant's employees would not have to use a long gangplank in loading

and unloading. It is not shown that the moving contemplated any change in the indemnity provisions of the contract, or that there was any effort to change them. Of itself, the moving of the tracks does not change the fact that, contrary to the provisions of the contract, defendant permitted the structure to be maintained within the prohibited distance from the track. We can only conclude that defendant considered the convenience gained thereby was worth the risk it was taking.

Finally, defendant contends that recovery should be limited to 50 per cent under the terms of paragraph 4 of the sidetrack agreement. It need only be noted that paragraph 4 is not in evidence in this record. When plaintiff offered the contract in evidence defendant objected unless it was limited to paragraph 6 only. The contract was admitted as so limited.

*By the Court.*—Judgments affirmed.