INTERNATIONAL FIDELITY INSURANCE CO., A NEW JERSEY CORPORATION, PLAINTIFF-APPELLANT, v. THE GOLTRA CORPORATION *ET AL.*, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted April 25, 1977—Decided May 10, 1977.

Before Judges CARTON, KOLE and LARNER.

*Messrs. Sills, Beck, Cummis, Radin & Tischman,* attorneys for appellant (*Mr. Thomas J. Demski,* of counsel; *Mr. Donald Zarin* on the brief).

*Messrs. Johnstone & O'Dwyer,* attorneys for respondents (*Mr. John F. Malone* on the brief).

The opinion of the court was delivered by

LARNER, J. A. D. International Fidelity Insurance Co. (International) issued a payment and performance bond for defendant The Goltra Corporation (Goltra), as principal, in connection with a construction project which Goltra undertook to perform for the City of Plainfield. Defendants had executed an all-embracing indemnity agreement whereby they agreed to indemnify International for all losses and expenses flowing from its suretyship obligations on all bonds written for Goltra as principal.

On October 24, 1974 suit was instituted by United Steel Products Corporation (United) against Herman Builders Company, Inc (Herman) and International, asserting that United supplied materials for the Plainfield job to Herman, a subcontractor of Goltra, which was not paid, and that International was therefore liable on its payment bond. Upon receipt of the complaint, and apparently after some telephone conversations not delineated in the record, International forwarded it on November 5, 1974 to O'Gorman & Young, Inc., alleged to be Goltra's insurance broker, with a transmittal note which stated, "You indicated that Goltra is prepared to defend us in this action. Please see that this is handled immediately so that we are not involved in a default judgment." A copy of this note was transmitted to Goltra by O'Gorman & Young, Inc. on November 18, 1974, together with the summons and complaint, with a letter requesting some evidence that Goltra's attorney had "the matter under control."

It appears that neither Goltra nor its attorney communicated with International, nor was a defense interposed in the United lawsuit. As a consequence, a default judgment was entered in that suit against International for the full amount of the claim. Letters from International's attorney to Goltra's attorney thereafter remained unanswered, and no further action was taken to set aside the default judgment against International. There followed this action for indemnity.

Plaintiff and defendants both moved for summary judgment. The trial judge denied plaintiff's motion and granted defendants'. Plaintiff appealed only from the summary judgment in favor of defendants, and did not seek leave to appeal from the denial of its motion for summary judgment.

The sole basis for the entry of summary judgment for defendants was the finding that the "vouching in" notice by which International called upon its principal, Goltra, to defend the United lawsuit was not sufficiently certain and explicit under the legal principle expressed in *U. S. Wire & Cable Corp. v. Ascher Corp.*, 34 *N. J.* 121 (1961).

█ The trial judge erred in his interpretation of the opinion in *U. S. Wire & Cable Corp.* The issue before the Supreme Court in that case, and the only issue considered by the trial judge in this case, deals with a problem of evidence and not ultimate liability for indemnity. If the surety fails to "vouch in" its principal by notifying it of an action instituted by a claimant and an unequivocal demand to undertake the defense, the lack of proper notification simply results in the inability of the surety to utilize the judgment as conclusive evidence of the principal's liability and quantum of damages in the subsequent suit for indemnity. See *U. S. Wire & Cable Corp., supra,* 34 *N. J.* at 126; *Hoppaugh v. McGrath,* 53 *N. J. L.* 81, 88 (Sup. Ct. 1890). See also, *United New York Sandy Hook Pilots Ass'n v. Rodermond Industries, Inc.,* 394 *F.* 2d 65, 72–73 (3 Cir. 1968); *West Indian Co. v. S. S. Empress of Canada,* 277 *F. Supp.* 1 (S. D. N. Y. 1967); *Orth v. Consumers' Gas Co.,* 280 *Pa.* 118, 121–122, 124 *A.* 296, 297 (Sup. Ct. 1924).

██ Failure to effectuate a "vouching in" demand does not, however, affect the right of the surety to prosecute its cause of action by appropriate proof of its elements at a plenary trial. If the "vouching in" procedure is deficient, the surety will not be able to rely upon the prior judgment as conclusive proof of the propriety of the claim underlying the bond liability. Under such circumstances it will be re-

quired to introduce evidence anew which will demonstrate that. the indebtedness was rightfully due to the claimant for labor or materials furnished for the job encompassed by the bond; and the indemnitor may contest the validity of the supplier's claim *in toto* or as to quantum of damages. See *MacArthur v. Gaines,* 286 *So.* 2d 608, 610 (Fla. D. Ct. App. 1973); *Karas v. Snell,* 11 *Ill.* 2d 233, 247–248, 142 N. E. 2d 46, 54–55 (Sup. Ct. 1957); *Hoppaugh v. McGrath, supra,* 53 *N. J. L.* at 89–90; *Illinois Central R.R. Co. v. Blaha,* 3 *Wis.* 2d 638, 646–647, 89 *N. W.* 2d 197, 201–202 (Sup. Ct. 1958). See also, 42 *C. J. S. Indemnity.* § 32a(2) at 618.

 It is therefore clear that the summary judgment for defendants was unwarranted. In light of this conclusion, we do not reach the question whether the record supports the trial judge's finding that the notice was insufficient to bring into play the conclusive effect of the default judgment entered in favor of United against International. Since the case is to be remanded for plenary trial, the judge presiding at such trial will be called upon to determine preliminarily upon an evidential hearing whether the notice given herein suffices to afford the surety the benefit of the rule of evidence set forth in *U. S. Wire & Cable Corp., supra.* At such hearing there should be explored the communications, oral and written, among International, O'Gorman & Young, Inc., Goltra and its officers and attorneys, as well as the status of O'Gorman & Young as agent of Goltra. From all the evidence the trial judge will decide whether the notice was adequate, hearing in mind the guidelines of *U. S. Wire & Cable Corp.* as to the substance and timing of the notice and the lack of necessity of any particular formality of such notice. In making this determination he is not controlled by the finding made on the summary judgment reversed herein. If the judge finds that International properly "vouched in" Goltra, the prior judgment will conclude the defendants as to liability to United and the amount thereof. If he finds

the notice to have been insufficient, the matter will be heard in a plenary trial with full proofs on both sides.

Reversed and remanded for further proceedings consistent with this opinion.