965 F.2d 538
 Donald W. PELFRESNE, Plaintiff-Appellant,
v.
VILLAGE OF WILLIAMS BAY, a municipal corporation, Harold J.
Friestad, President, George Johnson, Virginia Hasek, Ray
Loyd, Patrick Moore, Robert Raymond, Bonnie Van Gorder,
Trustees, Virginia Stenus, Clerk, and Frank Lindley,
Building Inspector, Defendants-Appellees.
 No. 91-2861.
 United States Court of Appeals,
Seventh Circuit.
 Argued Feb. 18, 1992.
Decided June 24, 1992.
Rehearing and Rehearing En Banc
Denied Aug. 4, 1992.
 
 Leonard S. Shifflett (argued), Michael F. Csar, Wilson & McIlvaine, Celeste Cinquino, Righeimer, Martin & Cinquino, Chicago, Ill., for plaintiff-appellant.
 Richard R. Grant, Louis Gage, Consigny, Andrews, Hemming & Grant, Janesville, Wis., for defendants-appellees.
 Before POSNER and KANNE, Circuit Judges, and VAN SICKLE, Senior District Judge.*
 VAN SICKLE, Senior District Judge.
 This matter has a long history of litigation, both in the Wisconsin state courts and in the federal courts. It began in November, 1984 when the Village of Williams Bay in Walworth County, Wisconsin, brought suit in the Circuit Court of Walworth County to raze four single family houses located on property in Williams Bay that were in disrepair and believed to be unsafe. The village filed its notice of lis pendens. The suit was dismissed on a technicality and promptly refiled. No new notice of lis pendens was filed. Judgment for the city was entered on June 25, 1986. The judgment ordered the buildings razed and allowed damages and costs totalling $624.42. Pursuant to statute, the Clerk of Court prepared a judgment docket card showing the money judgment, but did not show the order to raze. On appeal that judgment was affirmed by the Wisconsin Court of Appeals, Village of Williams Bay v. Schiessle, 138 Wis.2d 83, 405 N.W.2d 695 (1987), and thereafter the Wisconsin Supreme Court denied further review. Village of Williams Bay v. Schiessle, 139 Wis.2d 860, 415 N.W.2d 162 (1987) (Table).
 Then began a litigation and title dance which has brought this matter before the Seventh Circuit three times. The litigation generated so far includes:
 Village of Williams Bay v. Schiessle, et al., No. 85-CV-728 (Walworth Cty. Cir.Ct. Aug. 7, 1985) (order for dismissal).
 Village of Williams Bay v. Schiessle, et al., No. 85-CV-708 (Walworth Cty. Cir.Ct. June 25, 1986) (order and judgment).
 Village of Williams Bay v. Schiessle, 138 Wis.2d 83, 405 N.W.2d 695 (Wis.App.1987).
 Village of Williams Bay v. Schiessle, 139 Wis.2d 860, 415 N.W.2d 162 (1987) (Table).
 Pelfresne v. Village of Williams Bay, No. 87-C-1109 (E.D.Wis. Dec. 4, 1987) (order denying motion for preliminary injunction).
 Pelfresne v. Village of Williams Bay, 865 F.2d 877 (7th Cir.1989).
 Pelfresne v. Village of Williams Bay, No. 87-C-1109 (E.D.Wis. Aug. 25, 1989) (order dismissing action as barred by Anti-Injunction Act).
 Pelfresne v. Village of Williams Bay, 917 F.2d 1017 (7th Cir.1990).
 Pelfresne v. Village of Williams Bay, No. 87-C-1109 (E.D.Wis. May 31, 1991) (order dismissing action).
 Pelfresne v. Village of Williams Bay, No. 87-C-1109 (E.D.Wis. July 5, 1991) (order denying motion for leave to file second amended complaint).
 And now this appeal from the order of the district court which denied appellant's motion to alter or amend the May 31, 1991 order dismissing appellant's complaint, and denying a motion to file a second amended complaint.
 Having been lost in the Wisconsin state courts, the matter was brought into the federal courts to be re-litigated as a diversity action requesting that the federal court enjoin execution of the state court judgment. This was accomplished by a transfer of the property to Donald W. Pelfresne, then a non-resident of Wisconsin.
 The history of title and litigation, as reflected by the instruments on file and the title search by Surety Title Company shows:
 December 27, 1984--Quit claim deed from Michael Schiessle to Loman D. Eley and John P. Koch executed.
 December 28, 1984--Deed to Eley and Koch recorded.
 February 18, 1985--Lis pendens filed in case No. 84-CV-728.
 February 6, 1986--Quit claim deed from Eley and Koch to Anita Catania executed.
 June 25, 1986--Judgment on raze order and costs filed in case No. 84-CV-708.
 March 4, 1987--Wisconsin Court of Appeals affirms Circuit Court order.
 September 15, 1987--Quit claim deed from Catania to Alan L. Verin, executed.
 September 17, 1987--Quit claim deed from Eley and Koch to Catania recorded. (Fee exempt).
 September 17, 1987--Quit claim deed from Catania to Alan L. Verin recorded. (Fee exempt).
 September 17, 1987--Lis pendens on 85-CV-728 vacated.
 
 
 1
 September 18, 1987--Quit claim deed from Verin to Donald W. Pelfresne executed and recorded.
 
 
 2
 September 18, 1987--Title search closed.
 
 
 3
 September 28, 1987--Donald Pelfresne began this action in federal court to enjoin enforcement of the Wisconsin demolition order and for damages.
 
 
 4
 The two prior appeals to this court have reduced the problems in the case to one issue: Is the attempt to enjoin enforcement of the Wisconsin raze order prohibited by 28 U.S.C. § 2283, the Anti-Injunction Act? Critical to that issue is the question posed by this court in the second appeal and sent back to the district court for a factual resolution; whether Pelfresne was on either actual notice or inquiry notice of the Wisconsin order to raze the buildings when he took title to the property. Pelfresne v. Village of Williams Bay, 917 F.2d 1017, 1023 (7th Cir.1990).
 
 The Anti-Injunction Act provides:
 
 5
 A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.
 
 
 6
 28 U.S.C. § 2283.
 
 The doctrine of inquiry notice is:
 
 7
 It is a general rule of law sustained by the authority of many cases that whatever fairly puts a person on inquiry with respect to an existing fact is sufficient notice of that fact if the means of knowledge are at hand. If under such circumstances one omits to inquire, he is then chargeable with all the facts which, by proper inquiry, he might have ascertained.
 
 
 8
 Illinois Central Railroad Co. v. Blaha, 3 Wis.2d 638, 89 N.W.2d 197, 201 (1958) (quoting Zdunek v. Thomas, 215 Wis. 11, 254 N.W. 382, 383 (1934)).
 
 
 9
 The common law rule has been codified in part into Wis.Stat. § 706.08(1)(a) and (2). However, § 706.01, et seq., does not relieve the purchaser of his common law duty to inquire when, apart from the circumstances recited in the notice race statute, he has or reasonably should have actual information which puts him under a duty of inquiry, Kordecki v. Rizzo, 106 Wis.2d 713, 317 N.W.2d 479, 483 (1982). Also, a party who seeks protection under the notice race statute must be acting in "good faith."
 
 
 10
 This chapter shall be liberally construed, in cases of conflict or ambiguity, so as to effectuate the intentions of parties who have acted in good faith. (emphasis added)
 
 
 11
 Wis.Stat. § 706.01(3).
 
 
 12
 So the issue of good faith is relevant both to the question of inquiry notice and the question of application of the notice race statute. Good faith means:
 
 
 13
 In accordance with the standards of honesty, trust, sincerity,....
 
 
 14
 Random House Dictionary 609 (1970).
 
 
 15
 And;
 
 
 16
 The question of privity is central to this case. Pelfresne concedes that if the raze order issued by the Circuit Court of Walworth County is a lien on the property that he bought, then he is in privity with the defendants in the circuit court action. He further concedes that it is a lien on the property enforceable against him if he knew about the raze order when he bought the property, or if, though he did not know about it, he is treated by Wisconsin law as if he did: in legalese, if he had "constructive notice" of the order.
 
 
 17
 Pelfresne v. Village of Williams Bay, 917 F.2d 1017, 1020 (7th Cir.1990).
 
 
 18
 In its order of May 31, 1991, the district court (1) found that a new evidentiary hearing was unnecessary because there was no dispute as to the facts surrounding Pelfresne's purchase of the property, (2) found that Pelfresne had inquiry notice of the raze order, and (3) dismissed the complaint.
 
 
 19
 While evidence was developed at hearings, the trial court based its decision on undisputed facts, so this court will view the order as a Fed.R.Civ.P. 50(b) motion, i.e., a motion by the defendant for summary judgment of dismissal. Therefore, we examine the record to determine whether the record as a whole establishes that the movant was entitled to judgment as a matter of law. Magnuson v. City of Hickory Hills, 933 F.2d 562 (7th Cir.1991).
 
 
 20
 The will of Eleanor Schiessle recited that, she, a widow, had one living child, her son Michael Schiessle, and three grandchildren, Michael Pelfresne, Donald Pelfresne and Charles Pelfresne. The will distributed the residual estate 1/2 to her son and 1/2 to the Harris Trust and Savings Bank, Chicago, as trustee for her grandchildren. The original will was altered by a codicil which placed the devise and bequest to her son in a separate trust. Mrs. Schiessle designated Lommen D. Eley and James Koch as trustees of her son's trust. As to both trusts Michael Schiessle had broad general powers granted to him as in the original will, except that under the codicil he could not name himself as trustee.
 
 
 21
 As recited in the will and as amended by the codicil, Michael Schiessle's general powers included:
 
 
 22
 ... the power to direct the trustee to sell assets of the trust, to direct purchase of assets for the trust, specify in what assets the trustee shall invest the trust corpus, to direct the trustee in exercising any voting rights or options, to remove the trustee at anytime and appoint another bank or trust company or an individual including himself as successor trustee, or to terminate the trust at any time. My son shall have the same powers with respect to any successor trustee.
 
 
 23
 Paragraph 7, original will, page 1, codicil.
 
 
 24
 Under the codicil, Eley and Koch were trustees of the Michael Schiessle trust, and were record title holders of the land subject to the raze order. Anita Catania and Allen L. Verin were employees of the North Shore National Bank of Chicago, a trustee for the Eleanor Schiessle trust. And Schiessle is, himself, a lawyer. From the "no fee" transfers to and from the grantees on the deeds, and from the judgment taken against Schiessle as beneficial owner in the original action, it is apparent that some form of agent or trustee relationship existed between and among the named trustees and trustee employees, and Schiessle, during the transfers which set up the transfer to Pelfresne. This evidence suggests that Michael Schiessle could and did control the numerous conveyances which occurred in the course of this litigation.
 
 
 25
 Without repeating the detailed review of the facts recited by the federal district court, Pelfresne v. Village of Williams Bay, No. 87-C-1109 (E.D.Wis. May 31, 1991), we conclude that Donald Pelfresne, in his action relative to the purchase of the property, was not an independent purchaser, but simply a pawn in his uncle's game to defeat the raze order despite the finality of the Wisconsin Court judgment. The plaintiff's own testimony shows that as to the transfer to him from Verin, and as to his own initiation of the case in federal court, Pelfresne did everything his uncle told him to do. He did not even appear to exercise independent judgment when his uncle told him the case was in litigation, and then told him where to go to start the litigation. But, whatever his part, he still had the duty to make reasonable inquiry, and faced the risk of being bound to what a reasonable inquiry would have disclosed.
 
 
 26
 Had he made his own search Donald Pelfresne could have found, and had he ordered a search anytime between February 18, 1985, and September 18, 1987, at 11:15 A.M., before the deed to him was filed, he would have found; (1) a judgment against his uncle and his uncle's trustees, (2) a series of exempt transfers, and (3) a fee exempt transfer to his seller, who was an agent subject to his uncle's control.
 
 
 27
 We must conclude that any reasonable purchaser acting in his own best interests, in an arm's length transaction would have demanded a title search before closing the purchase, and would have, at the very least, demanded more information before buying the property. Having failed to make that reasonable inquiry, Pelfresne is held to notice of the money judgment and the rest of the judgment, including the raze order. He is therefore treated by the law of Wisconsin as if he did know about the raze order when he "bought" the property since he had constructive notice of the order. We also conclude that Pelfresne was not a "good faith" purchaser within the meaning of Wis.Stat. § 706.01 et seq. Therefore, the Anti-Injunction Act prohibits the requested action by the federal district court.
 
 
 28
 The order and judgment of dismissal of the district court is affirmed.
 
 
 29
 The plaintiff also seeks to file an amended complaint claiming various constitutional issues of no merit. As to them, the order and judgment of the district court denying the motion to amend is also affirmed.
 
 
 30
 AFFIRMED.
 
 
 
 *
 Hon. Bruce Van Sickle of the District of North Dakota, sitting by designation