**CHICAGO TITLE INSURANCE COMPANY, Plaintiff,**

v.

**RUNKEL ABSTRACT & TITLE COMPANY, Defendant.**

**No. 08–cv–341–bbc.**

United States District Court, W.D. Wisconsin.

July 14, 2009.

John Rothstein, Andrew Paul Beilfuss, Cristina D. Hernandez–Malaby, Thomas Francis Geselbracht, Quarles & Brady LLP, Milwaukee, WI, Michael Kasdin, DLA Piper, Chicago, IL, for Plaintiff.

William P. Croke, Von Briesen & Roper, S.C., Milwaukee, WI, for Defendant.

## OPINION AND ORDER

BARBARA B. CRABB, District Judge.

On April 6, 2009, I granted plaintiff Chicago Title Insurance Company's motion for partial summary judgment on its claim that defendant Runkel Abstract & Title Company breached the parties' agency agreement, after finding that defendant had failed to exempt a restrictive covenant from a title insurance commitment that it issued to WM Development, LLC on plaintiff's behalf. Because plaintiff moved for summary judgment with respect to liability only, I assumed that the case would proceed to trial on plaintiff's claim for damages.

Plaintiff took a different view of the need for trial. On April 22, 2009, following a status conference with the parties, the magistrate judge canceled the bench trial set for May 20, 2009 to allow the parties to brief the question whether the April 6 order precluded defendant from challenging the amount of damages to be awarded to plaintiff. Defendant contended that it should be less than the $833,250 that plaintiff paid WM for its loss. Now before the court is plaintiff's motion for clarification of the April 6 order granting partial summary judgment.

## OPINION

### A. *Indemnification Amount*

The parties have an agency agreement that contains an indemnification clause providing that defendant "shall be liable to and agrees to indemnify and to save harmless [plaintiff] for all attorney's fees, court costs, expenses and loss or aggregate of losses resulting from" omissions or other inaccuracies in any commitment or policy and "errors and/or omissions in the abstracting or examination of title." The only question remaining for decision is the amount of damages defendant owes to plaintiff for its breach of that agreement. Wisconsin law applies.

In the April 6 order, I found that plaintiff did not forfeit its right to indemnity by failing to act in good faith toward defendant. Plaintiff contends that this finding deprives defendant of any ground on which to dispute the amount of the loss assessed by the appraiser in the dispute with WM. Defendant disputes this contention, arguing that if plaintiff had believed this to be the case, it should have made that clear on summary judgment and not limited its arguments to whether it acted in bad faith so as to forfeit its right to indemnity. Defendant seeks to open up to challenge plaintiff's settlement of the WM claim to allow it to show that in light of WM's plans for the property, defendant's mistake with respect to the covenant affected only 5 out of the 33 acres subject to the covenant. In defendant's opinion, the actual loss suffered by WM was only 15% of the amount assessed by the appraiser, but plaintiff failed to make this known to the appraiser. Defendant argues that it should not have to reimburse plaintiff for an award it could have reduced.

Citing *Deminsky v. Arlington Plastics Machinery*, 259 Wis.2d 587, 615–17, 657 N.W.2d 411, 425–26 (2003), and *Barrons v. J.H. Findorff & Sons, Inc.*, 89 Wis.2d 444, 448 and 455, 278 N.W.2d 827, 828 and 832 (1979), defendant argues that whether it can challenge the loss claimed by plaintiff depends on whether plaintiff actually tendered the defense of the underlying claim to defendant and defendant refused it. I determined in the April 6 order that defendant had the opportunity to intervene in the settlement negotiations with WM and failed to do so. Defendant contends that merely passing up an opportunity for intervention in the underlying claim does not prohibit it from later challenging the settlement amount. To the extent that defendant relies on *Deminsky* and *Barrons* for this contention, I am unpersuaded by it.

In *Barrons*, the Supreme Court of Wisconsin held that where an indemnitor is given the option of approving settlement or taking over the defense of an action and does not take it, the indemnitee need show only potential liability and that the settlement reached was reasonable. *Barrons*, 89 Wis.2d at 455–56, 278 N.W.2d at 832. In *Deminsky*, the court held that because the indemnitor had rejected the indemnitee's earlier tender of the defense, the indemnitor was not entitled to a full trial on the indemnitee's liability and damages. *Id.* at 620, 657 N.W.2d at 427. However, the court went on to hold that because the indemnitor did not receive any notice of the settlement, was not kept informed of the negotiations and did not have an opportunity to approve the settlement amount, the indemnitor was entitled to a limited hearing on the reasonableness of the settlement agreement. *Id.* The court explained that "when a party, such as a potential indemnitor, is notified of a pending suit in which they are directly interested, that party 'must exercise reasonable diligence in protecting their interests.'" *Deminsky*, 259 Wis.2d at 616, 657 N.W.2d at 426 (quoting *Illinois Central Railroad Company v. Blaha*, 3 Wis.2d 638, 644, 89 N.W.2d 197 (1958)). From these two cases, it appears that the key question in determining whether an indemnitor is bound by a settlement agreement reached between the indemnitee and a third party is whether the indemnitor had an opportunity to protect its interests. For example, in *Blaha*, 3 Wis.2d at 648–49, 89 N.W.2d at 202–03, the court found that even though the indemnitee did not tender the defense to the indemnitor until the eve of trial, the indemnitor had been made aware of the case well before that point.

■ In this case, defendant knew about WM's claim against plaintiff and knew about the settlement negotiations. As I noted in the summary judgment order, defendant could have attempted to intervene in the resolution of the claim well before the appraisal letter by hiring its own counsel, asking plaintiff to keep it better informed or advising plaintiff of its position with respect to settlement of the claim. Nothing in the agreement prevented defendant from taking any of these precautions; nothing in the record shows that plaintiff took any action intended to prevent defendant from protecting its own interests. *Id.* This means that defendant cannot dispute the amount of loss suffered by plaintiff as a matter of law, leaving is no issue for trial. Defendant is liable to plaintiff in the amount of $833,250.

B.  *Prejudgment Interest*

■ Under Wisconsin law, prejudgment interest is recoverable at the legal rate of five percent for contract damages, starting when demand for payment is made. *United States Fire Insurance Company v. Good Humor Corp.*, 173 Wis.2d 804, 833–34, 496 N.W.2d 730, 741 (1993); Wis. Stat. § 138.04. "[P]rejudgment interest should be awarded where the amount owed is readily determinable." *Good Humor*, 173 Wis.2d at 833–34, 496 N.W.2d at 741 (citation omitted). To recover prejudgment interest, there must be a fixed amount due that could have been tendered and interest thereby stopped. *Waukesha Concrete Products Company, Inc. v. Capitol Indemnity Corp.*, 127 Wis.2d 332, 340, 379 N.W.2d 333 (1985). The equitable policy supporting such recovery is that a plaintiff should be compensated for the time value of the money he would have had if the payment had been made when due. "The interest obligation imposed upon the wrongdoer is not an additional penalty for the wrong but is simply the value of the use of the money— a value which should be accruing for the benefit of the plaintiff-creditor but, because of the nature of the debt, was accruing to the defendant-debtor instead." This

analysis applies to recovery of prejudgment interest on attorney fees that a contracting party was obligated to pay under an indemnification provision. *Medcom Holding Co. v. Baxter Travenol Labs. Inc.*, 200 F.3d 518, 519 (7th Cir.1999).

Because the $833,250 payment to WM was a fixed amount for which defendant could have indemnified plaintiff, plaintiff is entitled to recover prejudgment interest at the statutory rate of five percent per year on the payment as well as the attorney fees and costs incurred by plaintiff in conjunction with the policy loss. (Although *Medcom* would permit higher than statutory interest rates had they been specified in the agency agreement, they were not.)

One minor question remains. It is not clear when plaintiff sought recovery of the loss and fees and costs under the indemnification clause. In its brief in support of the motion, plaintiff states only that damages "were liquidated as of October 2007." The parties will be given an opportunity to clarify the date.

### ORDER

IT IS ORDERED that:

1. Plaintiff Chicago Title Insurance Company's motion for clarification of the April 6, 2009 order granting partial summary judgment, dkt. # 58, is GRANTED. No trial is necessary on the issue of damages.

2. Defendant Runkel Abstract & Title Company is liable to plaintiff in the amount of $833,250.00 and for attorney fees and expenses in an amount to be determined, plus interest accruing at a rate of five percent per year.

3. Plaintiff has until July 31, 2009, within which to file an itemized statement of its attorney fees and costs and to submit evidence of the date on which it demanded payment from defendant. Defendant has until August 7, 2009, to object to the fees and costs or the asserted date of the demand for payment.