NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0668n.06

No. 09-6056

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Sep 13, 2011*

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

    v.

WALTER EDWARD HARDIN,

    Defendant - Appellant.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF KENTUCKY

BEFORE: BOGGS and CLAY, Circuit Judges; TARNOW, District Judge.[*]

**TARNOW, District Judge.** Appellant pleaded guilty to using a facility and means of interstate commerce to attempt to coerce and entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b), and to receiving child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) & (b)(1). Appellant brings the instant appeal arguing that he received ineffective assistance of counsel at the sentencing stage of this litigation. Because the record is not yet adequate for review of this claim, we decline to review Appellant's ineffective assistance claim at this time.

Appellant also appeals the 240-month (twenty-year) sentence that was imposed. He argues that the sentence was procedurally and substantively unreasonable. Appellant argues that the district court committed a procedural error by erroneously adding a five-level enhancement pursuant to

---

[*] The Honorable Arthur J. Tarnow, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

No. 09-6056
*United States v. Hardin*

USSG § 2G2.2(b)(3)(B) for an offense involving "distribution for the expectation of a receipt of a thing of value . . . ." Appellant also argues that the sentence was substantively unreasonable because of the district court's weighing of factors. Because the sentence was procedurally and substantively reasonable, we **AFFIRM** the sentence imposed by the district court.

## BACKGROUND

Around December 2007, the Kentucky State Police (KSP) began receiving information from the United States Naval Criminal Investigative Service (NCIS) in Washington. KSP and NCIS conducted two independent undercover investigations online, both of which led to Appellant, Walter Hardin.

Hardin was arrested in October 2008 as a result of KSP's investigation. The arrest led to the federal charges on which Appellant was convicted. After the arrest, a search warrant was executed at his business and home. Hardin worked as the Deputy Judge/Executive of Magoffin County, Kentucky. His work computer revealed that he used the file-sharing program LimeWire to download several hundred pictures of children engaged in sexual activity and fourteen videos of children engaged in sexual activity. The computer also contained over twenty series of chats in which Hardin solicited sexual contact with children.

On January 26, 2009, Hardin was brought before Senior United States District Judge Joseph M. Hood for arraignment. He waived formal proceedings and entered pleas of not guilty to all six counts. After moving to change his plea, Hardin was re-arraigned on March 25, 2009. In exchange for Hardin's pleas as to Counts 1, 2, and 5, the United States dismissed the remaining counts. A Plea Agreement was entered into, approved by the court, and filed into the Record.

2

After the Plea Agreement was approved, the Presentence Investigation Report ("PSIR") was submitted on July 16, 2009. It identified Hardin's combined Adjusted Offense Level as 40. The PSIR included a recommendation of a five-level increase for distribution because "the offense involved distribution for the expectation of receipt of a thing of value." *See* PSIR, at 7; *see also* PSIR, at 14. Hardin's guideline sentencing range in the PSIR was calculated as 210-262 months (17.5 - 21.8 years).

On August 20, 2009, Hardin filed a Motion for Leave to File Objections to the PSIR, a Sentencing Memorandum, and a Motion for Downward Departure. In the Motion for Leave, trial counsel stated that he "believed that the objections, motions for guidelines departure and sentencing memorandum" had been filed on July 17, 2009. R. 39, at 1. Attached to the Motion for Leave were two proposed objections to the PSIR and the guideline calculations therein. A Sentencing Memorandum was filed the same day as the Motion for Leave to File Objections.

On August 21, 2009, the United States filed a Response to Hardin's Sentencing Memorandum and his Motion for Downward Departure. The Response included hearsay statements from Hardin's ex-girlfriend. She stated that Hardin took numerous nude pictures of her during their relationship, while she was sixteen years old. She stated that she broke off the relationship with Hardin when he asked her if she would mind if he had sex with their children. The United States contends that she was willing and able to testify at sentencing.

The sentencing hearing was held on August 24, 2009. At the hearing, Hardin's counsel withdrew the Motion for Leave to File Objections and the Motion for Downward Departure. Counsel withdrew the Motion for Leave to File Objections despite the district court judge stating that

"[he] was going to grant it anyway, but [counsel] want[s] to withdraw it." R. 59, Sentencing Tr., at 3. The court adopted the guideline calculations contained in the PSIR. Hardin's counsel did not object to the calculations. Hardin was sentenced to 240 months (twenty years) of imprisonment on both counts, with the sentences to run concurrently. He was also sentenced to a lifetime of supervised release.

## I.    Appellant's Ineffective-Assistance Claim Is Not Ready for Review

Ineffective-assistance-of-counsel claims are generally raised in post-conviction proceedings under 28 U.S.C. § 2255. *See United States v. Angel*, 355 F.3d 462, 469 (6th Cir.), *cert. denied*, 543 U.S. 867 (2004); *see also United States v. Pruitt*, 156 F.3d 638, 646 (6th Cir. 1998) (stating that such claims are best brought under § 2255). In most cases it is preferable to bring a claim of ineffective assistance under § 2255 to allow the district court to develop an adequate record on the issue. *Pruitt*, 156 F.3d at 646 (citing *United States v. Daniel*, 965 F.2d 540, 543 (6th Cir. 1992)). Ineffective-assistance claims are not, however, solely reserved for collateral review. *United States v. Massaro*, 538 U.S. 500, 1696 (2003) ("We do not hold that ineffective-assistance claims must be reserved for collateral review."). Where the existing record is adequate to assess properly the merits of an ineffective-assistance claim, it may be raised on direct appeal. *Pruitt*, 156 F.3d at 646 (citing *United States v. Pierce*, 62 F.3d 818, 833 (6th Cir. 1995), *cert. denied*, 516 U.S. 1136 (1996)).

Appellant's ineffective-assistance claim is not ready for review on direct appeal. Appellant argues that the record is adequate for review because it shows that trial counsel was tardy in filing objections to the PSIR; trial counsel did not file objections to the PSIR; trial counsel missed the discrepancies in the guideline calculations; trial counsel withdrew the Motion for Leave to File

Objections and the Motion for Downward Departure; trial counsel did not object to the court's reliance on Hardin's ex-girlfriend's hearsay statements to the police; and trial counsel did not argue for a lower guideline calculation at the sentencing hearing.

Appellant has not shown, however, that these facts are sufficient for review of his claim. As the Government argues, there is a possible strategic reason that trial counsel might have agreed to the guideline calculations in the PSIR. Avoiding an additional five-level enhancement pursuant to Guidelines Section 2G2.2(b)(5)—engaging in a "pattern of activity involving the sexual abuse or exploitation of a minor"—could have been the sole factor in trial counsel's actions or inactions in question. Appellant knew the United States intended to introduce his ex-girlfriend's statements since at least March 25, 2009, as reflected by the transcript of his rearraignment.

Because resolution of both of these arguments requires information not presently contained in the record, it cannot be said that there is an "adequate record to assess the merits of [Appellant's] allegations." *United States v. Wunder*, 919 F.2d 34, 37 (6th Cir. 1990); *cf. Angel*, 355 F.3d at 469 (finding an adequate record where the facts underlying the claims were undisputed and were contained entirely within the record). "The appellate court [has] no way of knowing whether a seemingly unusual or misguided action by counsel had a sound strategic motive or was taken because the counsel's alternatives were even worse." *Massaro*, 538 U.S. at 505 (internal citation omitted); *see also Pruitt*, 156 F.3d at 646 (finding an inadequate record where the claim requires an assessment of allegations and evidence outside of the record). To develop an adequate factual record, Appellant's ineffective-assistance-of-counsel claim should be first raised in the district court.

**II.     The Sentence Imposed Was Reasonable**

Hardin appeals his within guideline, 240-month (twenty-year), sentence arguing that it was procedurally and substantively unreasonable.  We disagree, for the reasons stated below.

We review "all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard."  *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)).  "This review has two components: procedural and substantive."  *United States v. Wilkins*, No. 09-1890, 2011 WL 1042242, at *3 (6th Cir. Mar. 23, 2011) (citing *Bolds*, 511 F.3d at 578).

A.  Procedural Reasonableness

In reviewing an appeal for procedural reasonableness, the standard of review is dependent upon whether appellant preserved sentencing challenges.  *See United States v. Bailey*, 488 F.3d 363, 367 (6th Cir. 2007).  "Where the district court asks at sentencing whether there are any objections to the sentence and the appellant raises none, [the sentence is reviewed] only for plain error."  *Id.* (citing *United States v. Clark*, 49 F.3d 568, 570 (6th Cir. 2006)).  Here, Hardin was asked by the district court whether there were any objections to the sentence.  The answer was no.  Therefore, the sentence will be reviewed only for plain error.  *See Bailey*, 488 F.3d at 357.

> [A] district court commit[s] . . . procedural error [by] failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.

*United States v. Vowell*, 516 F.3d 503, 509-10 (6th Cir. 2008) (quoting *Gall*, 552 U.S. at 51)).

6

This court can correct an error not raised at the trial court if there is 1) an error; 2) that is plain, 3) that affects substantial rights, and 4) the error seriously affects "the fairness, integrity, or public reputation of judicial proceedings." *Johnson v. United States*, 520 U.S. 461, 466-67 (1997); *United States v. Brock*, 501 F.3d 762, 773 (6th Cir. 2007).

Appellant argues that the district court committed a procedural error by erroneously adding a five-level enhancement pursuant to Guidelines § 2G2.2(b)(3)(B) for an offense involving "distribution for the expectation of a receipt of thing of value . . . ." The district court in this case, stated that:

> There is a five-level increase because the offense involved distribution for the expectation of a receipt of a thing of value, i.e. other images of child pornography via the defendant's Lime[W]ire file-sharing account.

R. 59, Sentencing Tr., at 4.

We agree with Appellant that the five-level enhancement does not automatically apply simply because Appellant used a file-sharing program. *See United States v. Geiner*, 498 F.3d 1104, 1111 (10th Cir. 2007) (holding that the five-level enhancement does not automatically apply to every defendant who uses file-sharing programs). The enhancement does, however, apply in this situation. Whether a defendant distributes files in a manner that merits the five-level enhancement is to be decided on a case-by-case basis by the sentencing court. *Id.*

We hold that the district court's sentence was not procedurally unreasonable by applying the five-point enhancement in this case. The district court, at the sentencing hearing, stated that the "expectation of a receipt of a thing of value" was other images of child pornography through LimeWire.

LimeWire was a free, peer-to-peer file sharing website.[1]    *LimeWire*, http://www.limewire.com, (last visited August 6, 2011). Appellant downloaded and distributed files on LimeWire. Hardin had not disabled the default file-sharing feature on the site. Appellant's computer contained over fourteen videos and several hundred photographs of minors engaged in sexual activities. Appellant's sophisticated and extensive use of LimeWire was sufficient, in this case, to support the district court's imposition of the five-level enhancement in question. The sentence imposed was not procedurally unreasonable.

### B. Substantive Reasonableness

Appellant's final argument is that the district court's sentence was substantively unreasonable. The substantive reasonableness of a sentence is reviewed "under a deferential abuse-of-discretion standard." *Bolds*, 511 F.3d at 578. There is a presumption of reasonableness for within-guidelines sentences. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc). The court will consider "the totality of the circumstances" when reviewing a sentence for substantive reasonableness. *United States v. Vowell*, 516 F.3d 503, 510-11 (6th Cir. 2008). A sentence is substantively unreasonable if the district court "selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Lapsins*, 570 F.3d 758, 772 (6th Cir. 2009) (internal citation and quotation omitted). There is no requirement that the defendant object to the

---

[1] The LimeWire website has since been shut down pursuant to a court order.

substantive reasonableness of a sentence in order to preserve the issue on appeal. *United States v. Herrera-Zuniga*, 571 F.3d 568, at 578 (6th Cir. 2009) (internal citation omitted).

Here, the district court imposed a 240-month sentence. It was within the 210-262 month calculated range, but above the 210-month sentence that was recommended by the PSIR. The district court provided ample reasons why the 240-month (twenty-year) sentence was appropriately imposed by choosing a sentence that in its view was adequate, but not excessive in accordance with the § 3553(a) factors. The district court explained at the hearing that the sentence was based on 1) Appellant abusing his position of trust by using the work computer to commit the illegal acts; 2) bringing shame on the community; 3) the facts in the United States' Sentencing Memorandum, which included the statements by his ex-girlfriend; 4) his interest in having sex with children; 5) his extensive illicit drug use; and 6) the need to protect the public. The district court also addressed his need for medical treatment. Appellant's argument that the district court did not weigh the factors appropriately is defeated by the record. The sentence imposed was not substantively unreasonable.

## CONCLUSION

For the reasons stated above, we decline to review Appellant's ineffective assistance of counsel claim on direct appeal and **AFFIRM** the sentence imposed by the district court.

No. 09-6056
*United States v. Hardin*

**CLAY, Circuit Judge, concurring in part and concurring in the judgment.** While I concur in the majority's analysis and conclusions regarding Hardin's claims of ineffective assistance of counsel and the procedural unreasonableness of his sentence, I write separately because my analysis differs from the majority's with respect to the issue of whether the district court abused its discretion in imposing a sentence that is substantively unreasonable.

The majority makes two critical mistakes in its analysis. First, it mischaracterizes Hardin's substantive unreasonableness argument. While Hardin generally argues that the district court improperly weighed certain factors in imposing sentence, Hardin specifically argues that the district court: 1) "failed to consider the need to provide [Hardin] with needed medical [mental health] care"; 2) "gave an unreasonable amount of weight . . . [to] the fact that Hardin was entrusted with a position of trust as the deputy judge executive in Magoffin County, Kentucky;" 3) unreasonably considered the government's contention that Hardin "had allegedly indicated to his girlfriend that he 'wanted to have sex with his own children;'" and 4) failed to give proper weight to "the fact that [Hardin] had a severe drug dependency." (Def.'s Br. at 35.) The majority does not address any of these arguments.

Second, and more importantly, the majority's opinion mischaracterizes the analysis undertaken by the district court in crafting an appropriate sentence for Hardin. The majority states that the district court relied upon six factors in reaching its sentencing determination, including Hardin "abusing his position of trust by using the work computer to commit the illegal acts;" Hardin "bringing shame on the community;" and Hardin's "extensive illicit drug use." (Maj. Op. at 9-10.) Two things are clear from the record: though the district court mentioned these facts, it did not rely

10

on them in imposing sentence; and a sentencing court's reliance on such factors would be clearly impermissible.

It is well-settled that a district court's "consider[ation of] a factor that has no relation to the § 3553(a) factors" may constitute substantive unreasonableness. *United States v. Recla*, 560 F.3d 539, 544-45 (6th Cir. 2009). The three factors listed above, most notably the factor implicating community shame, each fall outside of the gamut of acceptable sentencing considerations under § 3553(a).

A sentencing court is required, under 18 U.S.C. § 3553(a), to impose a sentence "sufficient, but not greater than necessary,"

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

> In this case, the district court made the following relevant statements at sentencing:
>
> In this case, in particular, it's difficult because you were entrusted with a position by the Magoffin County government, a position of responsibility [and y]ou used that position and the computer provided for you in committing the acts that you did, acts that are repugnant.
>
> . . . .
>
> The facts as I think set out in the government's sentencing memorandum . . . [r]eflect an individual who spiraled out of control, someone who . . . indicated to his girlfriend

that if they had children, he wanted to have sex with his own children. That's—you know, that's hard to stomach.

. . . [T]he presentence report and the plea agreement reflect an interest in having sex with or paying for sex with children as young as four years old. That's repugnant.

Then there is the drug abuse that was going on while you were employed at the Magoffin County Fiscal Court, cocaine, crack cocaine, LSD, methamphetamine, heroin, marijuana, Hydrocodone, Oxycodone, Oxycontin.

The only good thing that I can see about this whole deal is that you are young.

With proper treatment, you may be able to enjoy a productive life.

But . . . the court has an obligation not only to you but to the community as a whole to make sure that you get certain amounts of treatment.

The sentence I impose, given the length of time that you engaged in the conduct that you did, the quality and nature of the images found on your computer, the use of your employment to engage in the conduct, the details of your conduct as set forth in the attached exhibit, the sexually explicit photos of the 16-year-old female found on your computer and your ongoing desire you have expressed about wanting to have sex with children warrants a sentence of quite severe to protect the public.

(Sent. Tr. at 8-10.)

Contrary to the majority's determination, there is no indication in the record that the district court gave any weight to the fact that Hardin was employed by the county or to the statement reportedly made by Hardin's ex-girlfriend regarding their hypothetical children. On the contrary, it appears that the district court invoked both as examples of how Hardin was "spiral[ing] out of control"—so much so that he would risk accessing child pornography from his government office, would abuse various and serious drugs while working in "a position of responsibility," and would raise what were clearly deeply inappropriate questions with a person with whom he was in a relationship.

12

The district court concluded its recitation of Hardin's "spiraling" behavior with its hope that "[w]ith proper treatment, [he] may be able to enjoy a productive life." (*Id.* at 9.) The district court proceeded immediately thereafter to state: "But . . . the court has an obligation not only to you but to the community as a whole to make sure that you get certain amounts of treatment." (*Id.*) Reading the sentencing transcript as a whole, it is clear that the district court intended to contrast Hardin's spiraling and other serious behavioral troubles, for which it expressed some compassion (and revulsion), with its duty to impose a sentence in accordance with the mandates of 18 U.S.C. § 3553(a).

The district court continued by weighing the proper § 3553(a) factors, most notably the need for deterrence and the serious nature of the offense. In imposing the sentence, the district court specifically outlined the factors that it was weighing under § 3553(a)—

> [T]he length of time that [Hardin] engaged in the conduct that you did, the quality and nature of the images found on [Hardin's] computer, the use of [Hardin's] employment to engage in the conduct, the details of [Hardin's] conduct as set forth in the attached exhibit, the sexually explicit photos of the 16-year-old female found on [Hardin's] computer and [Hardin's] ongoing desire . . . to have sex with children . . .

(*Id*. at 10.) While the district court emphasized its considerations of the nature of the offense and the probability of recidivism more than other § 3553(a) factors, there is no indication that it committed any error in doing so. *See United States v. Brown*, 579 F.3d 672, 687 (6th Cir. 2009) ("[W]hile the court downplayed the characteristics of Defendant and emphasized factors such as the nature of the offense, the likelihood of recidivism, and the need for protection of the public, the

weight the court assigned to each § 3553(a) factor was not unreasonable. It was within the court's discretion to emphasize the need to protect young children.").

There is also no question that the district court took into account, and explained at length, its consideration of Hardin's mental health history and his drug dependancy in crafting an appropriate sentence. In addition to articulating its consideration of these factors, the district court also ordered that Hardin receive both substance abuse treatment, (Sent. Tr. at 11), and "sex health disorder" treatment. (*Id.* at 13.)

Finally, having considered all relevant factors, the district court determined that a sentence in the middle of the recommended Guidelines range would be appropriate in Hardin's case. That the district court imposed a within-Guidelines sentence reflects a "double determination"—"both the sentencing judge and the Sentencing Commission . . . have reached the same conclusion as to the proper sentence in the particular case." *Rita v. United States*, 551 U.S. 338, 347 (2007).

For these reasons, the district court did not abuse its discretion in imposing Hardin's sentence.